## No. 27257

### The People of the State of Colorado v. William (Rusty) Bramlett

(573 P.2d 94)

Decided October 31, 1977. Opinion modified and as modified rehearing denied November 29, 1977. Rehearing denied December 27, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Mary J. Mullarkey, First Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Carol L. Gerstl, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant appeals a conviction for first-degree assault under 1971 Perm. Supp., C.R.S. 1963, section 40-3-202(1)(a).[1] The only issue raised on appeal concerns the constitutionality of the penalty for first-degree assault as applied to defendants who can establish that they acted with a good faith, but unreasonable belief, that justification existed to use force.

Defendant was the manager of a service station near Ovid, Colorado. On May 4, 1973, several persons in a van pulled into the service station. An argument ensued during which the defendant shot one of the persons with a .22 caliber revolver. Trial to a jury resulted in a verdict of guilty of first-degree assault. Defendant's motion to set aside the judgment on the ground that the statute was unconstitutional was denied. Defendant appeals. We reverse and remand with directions to grant the defendant a new trial.

The defendant argues that the penalty under the first-degree assault statute is unconstitutional as applied to certain defendants because it can result in a greater penalty for essentially the same conduct proscribed by the criminally-negligent homicide statute. 1971 Perm. Supp., C.R.S. 1963, 40-3-105.[2] He contends that a person who acts in the good faith, but unreasonble belief, that justification exists to use force in self-defense cannot constitutionally be subjected to a greater sentence when he causes serious bodily injury than if he had caused the death of his purported assailant. We agree.

1971 Perm. Supp., C.R.S. 1963, section 40-3-202, provides, in part:

"(1) A person commits the crime of assault in the first degree if:

"(a) With intent to cause serious bodily injury to another person, he causes serious injury to any person by means of a deadly weapon."

Assault in the first degree is a class three felony which carries a minimum sentence of five years and a maximum sentence of forty years in the state penitentiary. 1971 Perm. Supp., C.R.S. 1963, section 40-1-105.[3]

---

[1]Now section 18-3-202(1)(a), C.R.S. 1973.
[2]Now section 18-3-105, C.R.S. 1973. This statute has since been amended by H.B. 1654 (1977).
[3]Now section 18-1-105, C.R.S. 1973.

The defendant interposed a defense of self-defense as authorized by 1971 Perm. Supp., C.R.S. 1963, section 40-1-804(1):[4]

"Except as provided in subsection (2) and (3) of this section, a person is justified in using physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for that purpose."

This defense is expanded to include unreasonable beliefs to reduce the degree of culpability in cases in which death results by the criminally-negligent homicide statute:

"1971 Perm. Supp., C.R.S. 1963, section 40-3-105.

"(1) A person commits the crime of criminally negligent homicide if he causes the death of another person:

"(a) By conduct amounting to criminal negligence; or (b) He intentionally causes the death of a person in the good faith but unreasonable belief that one or more grounds for justification exist under sections 40-1-801 to 40-1-807."[5]

Criminally-negligent homicide is a class one misdemeanor which carries a penalty of from six months to two years in jail. 1971 Perm. Supp., C.R.S. 1963, section 40-1-106.[6]

■ The defendant relies on *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975), in which we held the manslaughter statute unconstitutional because its intent requirement was not sufficiently distinguishable from the intent requirement for the lesser included offense of criminally-negligent homicide. In *Calvaresi*, we declared:

"Equal protection of the law is a guarantee of like treatment of all those who are similarly situated. Classification of persons under the criminal law must be under legislation that is reasonable and not arbitrary. There must be substantial differences having a reasonable relationship to the persons involved and the public purpose to be achieved. *Dunbar v. Hoffman*, 171 Colo. 481, 468 P.2d 742 (1970). A statute which prescribes different degrees of punishment for the same acts committed under like circumstances by persons in like situations is violative of a person's right to equal protection of the laws. *See People v. McKenzie*, 169 Colo. 521, 458 P.2d 232 (1969); and *State v. Pirkey*, 203 Ore. 697, 281 P.2d 698 (1955), and cases cited therein."

---

[4]Now section 18-1-704(1), C.R.S. 1973.
[5]H.B. 1654 (1977) amended section 18-3-105, C.R.S. 1973, substituting "knowingly" for "intentionally."
[6]Now section 18-1-106, C.R.S. 1973.

The validity of the approach set forth in *Calvaresi* was reaffirmed in *People v. Dominguez,* 193 Colo. 468, 568 P.2d 54 (1977). In *Dominguez,* we held a portion of the first-degree assault statute unconstitutional because the type of conduct proscribed under the statute was not substantially different from the conduct proscribed under the second-degree assault statute.

The prosecution attempts to sustain the validity of the penalty under the first-degree assault statute in the present case on the ground that the two statutes establish distinct crimes which require proof of different elements. *See People v. McKenzie,* 169 Colo. 521, 458 P.2d 232 (1969). The argument is made that the first-degree assault statute requires proof of intent to cause serious bodily injury, together with infliction of serious bodily injury with a deadly weapon. The prosecution contends that neither is an element under the criminally-negligent homicide statute. These arguments are unpersuasive.

The defendant is not challenging the constitutionality of the penalty on the basis that all defendants charged with either crime are always similarly situated in terms of the equal protection clause. *U. S. Const.,* Amend. XIV. Only those defendants who establish that their actions were done in the good faith, but unreasonable belief, that justification existed are claimed to be similarly situated. When so considered, it is clear that the elements of intent and injury through the use of a deadly weapon do not serve to distinguish the two statutes.

Under subsection (b) of the criminally-negligent homicide statute, the prosecution must prove that the defendant intended to cause the death of another person.[7] Additionally, the fact that the statute does not require that death result from the use of a deadly weapon is not determinative. The deadly weapon requirement under the first-degree assault statute was intended and does distinguish that statute from the second-degree assault statute. *People v. Martinez,* 189 Colo. 408, 540 P.2d 1091 (1975). When death is intentionally caused by a defendant, it will be rare that a deadly weapon will not be used. This is especially true since the statutory definition of "deadly weapon" includes any object used in a manner that is capable of producing death or bodily injury. 1971 Perm. Supp., C.R.S. 1963, section 40-1-1001(3)(e).[8] *See Grass v. People,* 172 Colo. 223, 471 P.2d 602 (1970); *Armijo v. People,* 134 Colo. 344, 304 P.2d 633 (1956).

The present case is analogous to *Calvaresi, supra,* in which the intent elements of the two statutes were held to be not sufficiently

---

[7]As a result of H.B. 1654 (1977), the criminally-negligent homicide statute now requires proof of a lesser degree of mental culpability than does the first-degree assault statute. ("Knowingly," as compared to "with the intent.") Consequently, this decision applies only to persons charged with first-degree assault prior to July 1, 1977.

[8]Now section 18-1-901(3)(e), C.R.S. 1973.

distinguishable to warrant different penalties. In the present case, the intent and conduct proscribed by the first-degree assault statute and subsection (b) of the criminally-negligent homicide statute are not sufficiently distinguishable to justify a greater penalty when that conduct results in serious bodily injury rather than in death. The penalty prescribed for persons convicted of first-degree assault who establish that their actions were done in the good faith, but unreasonable belief, that justification existed is, therefore, unconstitutional as a denial of the equal protection of the law.

It is clearly within the legislature's prerogative to establish the penalties and the defenses which shall apply to specific criminal offenses. But legislative enactments are always subject to constitutional constraints. In this case, we extend one such legislatively created defense to the crime of first-degree assault because that defense is available under the criminally-negligent homicide statute and both statutes proscribe similar conduct and intent. We expressly hold that the good faith but unreasonable belief defense is not available for other crimes by virtue of this case. The matter properly lies with the legislature subject to the limits of the constitution.

The result in this case is mandated by the equal protection clause of the Fourteenth Amendment to the United States Constitution and Colorado's statutory provisions concerning first-degree assault, criminally-negligent homicide, and self-defense. The well-established majority rule is that a person is justified in using physical force upon another in order to defend himself from what he reasonably believes to be the use or imminent use of unlawful physical force by the other person. *See* 40 *Am.Jur.2d,* Homicide § 153; *Bowman and Bowman, Defense of a* Homicide Case, 3 *Bernstein's Criminal Defense Techniques* §50.03[2]; *State v. Clyde,* 47 Hawaii 345, 388 P.2d 846 (1964). The general assembly has guaranteed the affirmative defense of self-defense in Colorado. Section 18-1-704(1), C.R.S. 1973.

In addition to the traditional defense of self-defense, the Colorado legislature has expanded the defense to reduce the degree of culpability and the penalty in cases in which death results through a good faith, but unreasonable belief, that justification existed to use force. Section 18-3-105(1)(b), C.R.S. 1973. However, the partial good faith, unreasonable belief, defense was not afforded defendants charged with first-degree assault. As this opinion indicates, the inconsistency in the statutory scheme denied defendants charged with first-degree assault equal protection of the law.

The general assembly in Colorado has adopted the extreme minority view in authorizing a good faith, but unreasonable belief, to reduce the degree of culpability and the penalty to be imposed for a criminal offense. With the reasonableness element eliminated from the defense, the

defendant need only establish that he acted in good faith. The jury is no longer presented with the task of determining whether the defendant conformed his conduct to society's norms, but only whether the defendant conformed to his own. While the wisdom of the good faith, unreasonable belief, defense must rest with the general assembly, we note that the practical effect of permitting this defense is to lessen the certainty and effectiveness of the sanctions imposed by the criminal code.

▮ Accordingly, the judgment is reversed, and cause is remanded to the district court for a new trial. Whether the defendant acted in the good faith, but unreasonable belief, that his actions were justified is an issue for the jury to determine. If the affirmative defense is raised, and if the jury determines that the defendant acted with the good faith, but unreasonable belief, that his actions were justified, the sentence imposed can be no greater than that which could be imposed upon a defendant under the criminally-negligent homicide statute.

MR. JUSTICE LEE and MR. JUSTICE CARRIGAN do not participate.