## No. 27912

## The People of the State of Colorado v. Dennis Joseph Montoya

(582 P.2d 673)

Decided July 17, 1978. Rehearing denied August 28, 1978. Petition for modification granted and as modified rehearing denied August 31, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Karen Hoffman Seymour, Assistant, Appellate Section, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Nicholas R. Massaro, Jr., Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Dennis Joseph Montoya, appeals the sentences imposed for his convictions of attempted manslaughter[1] and first-degree

---

[1] Sections 18-2-101, 18-3-104(1)(c), C.R.S. 1973. Now section 18-2-101, C.R.S. 1973 and section 18-3-104(1)(c), C.R.S. 1973 (1977 Supp.). The trial court imposed an indeterminate ten-year sentence for the attempted manslaughter conviction. Attempted manslaughter, however, is a class five felony punishable by fine and/or imprisonment of up to five years. Sections 18-2-101, 18-1-105(1), C.R.S. 1973. On remand, the trial court should correct its technical error.

assault.[2] The primary issue on appeal is whether the statutory penalty for first-degree assault, in the context of the present statutory scheme, is constitutional when applied to defendants who can establish that they acted in the "heat of passion."

At 1:00 a.m. on December 26, 1975, the defendant returned home from a two-day drinking episode. The defendant found his apartment door locked and ordered his wife to let him into their home. He shouted that he would kill anyone that he found in the apartment with his wife. At that time, the defendant's wife and Joseph Cortez were in bed together and both were nude. Mrs. Montoya quickly shoved her still-naked lover into a closet. The defendant, meanwhile, had broken a window on the door and entered the apartment. Soon thereafter, he discovered Cortez in the closet and shot him in the chest with a handgun. Cortez was able to run from the apartment and obtain medical attention. He survived the attack.

Trial to a jury resulted in the defendant's convictions for attempted manslaughter and first-degree assault. We reverse the defendant's sentences and remand for sentencing not inconsistent with this opinion.

■ The defendant relies upon our decision in *People v. Bramlett,* 194 Colo. 205, 573 P.2d 94 (1977), *cert. denied,* 435 U.S. 956, 98 S.Ct. 1590, 55 L.Ed.2d 808 (1978), for his contention that the penalty imposed for his first-degree assault conviction violated his right to equal protection of the law. *U.S.Const.,* Amend. XIV. He contends that a person who acts under the "heat of passion" cannot constitutionally be subjected to a greater penalty when he causes serious bodily injury than he would when he caused the death of his victim. We agree.

■ The legislature is entitled to establish more severe penalties for acts which it believes have greater social impact and more grave consequences. *People v. Czajkowski,* 193 Colo. 352, 568 P.2d 23 (1977). Harsher penalties for crimes committed under different circumstances than those which accompany the commission of other crimes do not violate equal protection guarantees if the classification is rationally based upon the variety of evil proscribed. The classification, however, must reflect substantial differences having a reasonable relationship to the persons involved and the public purposes sought to be achieved. *People v. Bramlett, supra; People v. Hulse,* 192 Colo. 302, 557 P.2d 1205 (1976); *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975). Where two statutes provide disparate penalties for similar criminal conduct, equal protection guarantees are violated. *People v. Bramlett, supra; People v. McKenzie,* 169 Colo. 521, 458 P.2d 232 (1969).

Colorado's first-degree assault statute, section 18-3-202, C.R.S. 1973, provides, in pertinent part:

---

[2] Section 18-3-202(1)(a), C.R.S. 1973. Now section 18-3-202(1)(a), C.R.S. 1973 (1977 Supp.).

"(1) A person commits the crime of assault in the first degree if:

"(a) With intent to cause serious bodily injury to another person, he causes serious bodily injury to any person by means of a deadly weapon."

First-degree assault is a class three felony which carries a minimum sentence of five years and a maximum sentence of forty years' imprisonment in the state penitentiary. Section 18-1-105(1), C.R.S. 1973.

The manslaughter statute, section 18-3-104(1)(c), C.R.S. 1973, provides:

"(1) A person commits the crime of manslaughter if:
. . . .
"(c) With intent to cause the death of a person other than himself, he causes the death of that person, or of another person, under circumstances where the act causing the death was performed, without premeditation, upon a sudden heat of passion caused by a serious and highly provoking act, affecting the person killing sufficiently to excite an irresistible passion in a reasonable person; but if between the provocation and the killing there is an interval sufficient for the voice of reason and humanity to be heard, the killing is murder."

 Under the manslaughter statute, a person who intentionally causes the death of another in the "heat of passion" is guilty of a class four felony and is subject to imprisonment for one to ten years. Section 18-1-105(1), C.R.S. 1973. A person who intentionally causes serious bodily injury under "heat of passion," however, is subject to conviction for first-degree assault and imprisonment for a term of five to forty years. Thus, the offender who acts with the less culpable intent and who causes the less grievous result receives the greater penalty. Such an unreasonably structured legislative scheme is constitutionally infirm. *People v. Bramlett, supra.*

In *People v. Czajkowski, supra,* and *People v. Hulse, supra,* we held that crimes which were readily distinguishable on the basis of their elements did not violate equal protection rights if they imposed disparate penalties. We are unable to so distinguish the crimes in this case. If the person assaulted in this case had died, the jury would have returned a manslaughter conviction, since it did find the defendant guilty of attempted manslaughter. The defendant's first-degree assault conviction, therefore, rested in large part upon the fortuity that his victim survived the incident. Under the unique factual circumstances in this case, and as the disparate statutory penalties were applied, the defendant was denied the

equal protection of law by the application of the statutory penalty for first-degree assault.[3]

■ The limited nature of our decision in this case and in *People v. Bramlett, supra,* cannot be overemphasized.[4] In both cases, the relevant statutes imposed a greater penalty for a lesser offense where the crimes charged did not contain rationally distinguishable elements. In this case, we hold that a person charged with first-degree assault, who can establish that he acted in "heat of passion," is constitutionally protected against receiving a greater penalty than he could have received had he caused the death of his victim.[5]

Accordingly, the sentences of the defendant are vacated, and the cause is remanded to the trial court with directions to resentence the defendant in a manner not inconsistent with the directives contained in this opinion.

MR. JUSTICE GROVES and MR. JUSTICE LEE do not participate.

---

[3] The disparate penalty provisions found constitutionally infirm in this case are best illustrated by a chart which compares the elements and penalties for the crimes of first-degree assault and manslaughter.

| Crime | Intent | Result Caused | Penalty |
|---|---|---|---|
| First-Degree Assault | Intent to Cause Serious Bodily Injury | Serious Bodily Injury | Five to Forty Years Imprisonment |
| Manslaughter | Intent to Cause Death | Death | One to Ten Years Imprisonment And/Or Two to Thirty Thousand Dollar Fine |

The chart reveals that the penalty imposed upon a person acting in the "heat of passion" is more severe if he acts with the lesser intent and causes the lesser injury because the first-degree assault statute does not recognize "heat of passion" as a mitigating factor. The present statutory scheme of disparate penalties, therefore, violates equal protection guarantees.

[4] This decision and *People v. Bramlett, supra,* are based upon equal protection considerations and are mandated by the unique penalty scheme enacted by the legislature. We express no opinion as to whether the legislature must permit "heat of passion" to mitigate the penalty for first-degree assault in the absence of the present disparate penalty provisions. *See Commonwealth v. Rife,* 454 Pa. 506, 312 A.2d 406 (1973) ("heat of passion" not a recognized mitigating circumstance for assault and battery); *State v. McKeehan,* 91 Idaho 808, 430 P.2d 886 (1967) (Husband not justified in attacking another man for unlawful intimacy with his wife.

[5] The defendant was sentenced to seventeen to twenty-five years imprisonment for first-degree assault. Under this opinion he can constitutionally be fined or sentenced to an indeterminate to five year term since that is the maximum permissible under the manslaughter statute. Sections 18-3-104(1)(c), 18-1-105(1), C.R.S. 1973.