## No. 28195

## The People of the State of Colorado v. Earl V. Thompson, Jr.

(592 P.2d 803)

Decided March 26, 1979.                    Rehearing denied April 16, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant, Appellate Section, for plaintiff-appellee.

Rothgerber, Appel and Powers, Frances A. Koncilja, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Earl V. Thompson, Jr., appeals his conviction for first-degree assault. Section 18-3-202(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8). He asserts that the trial court erred in refusing his tendered instructions to the jury. He also claims that reversible error occurred when his prior convictions were admitted as evidence for the purpose of impeachment. He further contends that the first-degree assault statute violates the Equal Protection Clause of the United States Constitution. We affirm.

The evidence presented at trial established that the defendant and the victim of his assault met in May of 1975 and lived together for several months. In the summer of 1975, they separated. Although their relationship was somewhat stormy, they appear to have parted amicably. On August 29, 1975, a short time after their separation, the defendant drove to the victim's apartment. Thereafter, the defendant and the victim left the apartment and went to his car, which was located in a parking lot beneath the apartment complex.

The testimony of the defendant and the victim differed as to the circumstances surrounding the assault which resulted in the defendant's

conviction. The victim testified that as soon as she entered the defendant's car, he told her that he was going to kill her. She stated that he then hit her repeatedly about the head and hands with a jack handle. She also said that she managed to force her way out of the car and that the defendant followed her and continued to strike her with the jack handle.

The defendant testified that after he and the victim entered the car, they talked and drank vodka for a short period of time. He claimed that the victim became enraged when he accused her of selling her sexual favors and that she attempted to hit him with a pair of heavy pliers. In the course of their struggle, the defendant testified that he took the pliers from the victim and that they both fell out of the car. The defendant testified that he then lost his temper and began hitting the victim with the pliers. He said that he could not recall how many times he struck her. The record establishes that the victim suffered fourteen deep head wounds in the attack and that her hands were injured when she attempted to ward off the blows.

After the assault, the defendant put the victim back into his car and drove away. The defendant testified that he intended to take her to a hospital. By way of contrast, the victim said that the defendant intended to take her to a more secluded spot and kill her. While the defendant was driving, the victim either jumped or was pushed from the automobile.

## I.

### Jury Instructions

The defendant was charged with attempt to commit first-degree murder, section 18-3-102, C.R.S. 1973 (1978 Repl. Vol. 8) and first-degree assault. The jury was instructed as to the elements of these crimes. The jury was also instructed, on the basis of the evidence presented at trial, as to the elements of attempted manslaughter, section 18-3-104(1)(c), C.R.S. 1973 (1978 Repl. Vol. 8).[1] It was further instructed as to two forms of second-degree assault: section 18-3-203(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8) (intent to cause serious bodily injury without a deadly weapon); and section 18-3-203(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8) (intent to cause bodily injury with a deadly weapon).

The jury found the defendant guilty of first-degree assault. It acquitted him on the charges of attempted first-degree murder and attempted

---

[1] *"Manslaughter.* (1) A person commits the crime of manslaughter if:
. . . .
"(c) With intent to cause the death of a person other than himself, he causes the death of that person, or of another person, under circumstances where the act causing the death was performed, not after deliberation, upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the person killing sufficiently to excite an irresistible passion in a reasonable person; but if between the provocation and the killing there is an interval sufficient for the voice of reason and humanity to be heard, the killing is murder.
"(2) Manslaughter is a class 4 felony."

manslaughter.

The trial court refused to give the defendant's proffered instructions as to reckless second-degree assault, section 18-3-203(1)(d), C.R.S. 1973 (1978 Repl. Vol. 8) (to recklessly cause serious bodily injury by means of a deadly weapon). It also refused to instruct the jury on the affirmative defenses of self-defense (section 18-1-704(1) and (2), C.R.S. 1973 (1978 Repl. Vol. 8)); impaired mental condition (section 18-1-803, C.R.S. 1973 (1978 Repl. Vol. 8)); and intoxication (section 18-1-804, C.R.S. 1973 (1978 Repl. Vol. 8)).

■ "It is well settled in Colorado that a defendant, upon request, is entitled to an instruction on his theory of the case when there is any evidence to support it. *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974) . . . ." *People v. Tenorio,* 197 Colo. 137, 590 P.2d 952 (1979). Our review of the record convinces us that neither the evidence presented by the defendant nor that produced by the prosecution gave support to the defendant's requested instructions. *People v. Tenorio, supra.*

■ The culpable mental state of recklessness, as that word is used in section 18-3-203(1)(d), C.R.S. 1973 (1978 Repl. Vol. 8), is defined as consciously disregarding "a substantial and unjustifiable risk that a result will occur or that a circumstance exists." Section 18-1-501(8), C.R.S. 1973 (1978 Repl. Vol. 8). The defendant did not testify that he acted recklessly nor did his testimony give rise to such an inference. The evidence presented by the prosecution demonstrated that the victim was severely beaten by the defendant, which is consistent with an intent to cause her serious bodily injury. No evidence was adduced which is consistent with the theory that the defendant merely acted recklessly.

■ Moreover, no evidence gave rise to any inference that the defendant suffered from an impaired mental condition. Section 18-1-803, C.R.S. 1973 (1978 Repl. Vol. 8).

■ The victim testified that she smelled liquor on the defendant's breath shortly before the assault, but in the defendant's testimony, he did not claim that his judgment was impaired by alcohol, and there was no other evidence to support the defendant's theory. *People v. Brionez,* 39 Colo. App. 396, 570 P.2d 1296, 1298-99 (1977).

■ The defendant also asserts reversible error arising out of the failure to give the following instruction on self-defense:

"The evidence presented in this case has raised the issue of the affirmative defense of self defense. The prosecution, therefore, has the burden of proving to your satisfaction beyond a reasonable doubt the guilt of the defendant as to that issue as well as to all of the elements of the crime charged. If, after consideration of the evidence concerning the affirmative defense, along with all the other evidence, you are not convinced beyond a reasonable doubt of the guilt of the defendant then you must return a verdict of not guilty."

The instruction offered by the defendant was not a proper statement of the law of self-defense in Colorado, and no evidence supports the defendant's claim that he acted in self-defense. See sections 18-1-704(1) and (2)(a), C.R.S. 1973 (1978 Repl. Vol. 8); *People v. Tenorio, supra; People v. Lowe,* 184 Colo. 182, 191, 519 P.2d 344 (1974).

## II.
### *Impeachment*

■ The prosecution impeached the defendant's credibility by proving that he had prior felony convictions for burglary and assault. The defendant contends that he was unduly prejudiced by the admission of evidence of prior convictions and that section 13-90-101, C.R.S. 1973, is unconstitutional. We have previously held that the statute is constitutional, and no purpose would be served by further explication. *See People v. Yeager,* 182 Colo. 397, 513 P.2d 1057 (1973); *People v. Henry,* 195 Colo. 309, 578 P.2d 1041 (1978).

## III.
### *Equal Protection*

First-degree assault is a third class felony, punishable by a sentence of from five to forty years in the state penitentiary. Manslaughter is a felony of the fourth class, punishable by a maximum sentence of ten years in the state penitentiary.

■ The defendant was convicted of first-degree assault. He was acquitted on the charge of attempted manslaughter. Had he killed his victim and been convicted of manslaughter, he could have received a lesser sentence than he received upon his conviction for first-degree assault.[2] In essence, the defendant contends that it is irrational for the legislature to declare that "heat of passion" is a circumstance which can mitigate punishment when a defendant kills his victim, but is not available as a defense to mitigate punishment when his victim survives the attack. We do not agree. *See People v. Montoya,* 196 Colo. 111, 582 P.2d 673 (1978); *People v. Bramlett,* 194 Colo. 205, 573 P.2d 94 (1977), *cert. denied sub. nom. Colorado v. Bramlett,* 435 U.S. 956, 98 S.Ct. 1590, 55 L.Ed.2d 808 (1978); *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975).

In *People v. Montoya, supra,* a conviction was obtained for both attempted manslaughter and first-degree assault. Thus, the jury's verdict in that case established that Montoya had acted in the heat of passion when he attacked his victim. We held in *People v. Montoya, supra,* that:

"A person charged with first-degree assault, who can establish that he acted in 'heat of passion,' is constitutionally protected against receiving a greater penalty than he could have received had he caused the death of his

---

[2] The defendant was sentenced to not less than twenty nor more than thirty years imprisonment in the state penitentiary.

304

victim." *Id.* at 676 (footnote omitted).

Unlike the defendant in *People v. Montoya, supra,* the defendant in this case was acquitted on the attempted manslaughter charge.

Our decision in *People v. Montoya, supra,* was predicated on the impact of the legislature's sentencing provisions on the unique factual circumstances of that case. We decline to extend *People v. Montoya, supra,* beyond its limited holding.

Accordingly, we affirm.

MR. JUSTICE PRINGLE concurs in the opinion, except as to Part II. He dissents as to Part II.

MR. JUSTICE CARRIGAN does not participate.