**No. 28234**

**The People of the State of Colorado v. Carlos Estrada**

(601 P.2d 619)

Decided July 16, 1979.    Opinion modified and as modified rehearing denied October 29, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, James S. Russell, Assistant, David Schwartz, Assistant, for plaintiff-appellee.

. J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Steven H. Denman, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

The appellant, Carlos Estrada, was convicted of first-degree assault upon a police officer, section 18-3-202(1)(e), C.R.S. 1973 (1978 Repl. Vol. 8), and sentenced to a term in the Colorado State Penitentiary. On appeal, he urges reversal. We affirm.

The appellant engaged in a heated discussion with his neighbor, Naranjo, who testified that appellant seemed "a little drunk" and threatened him with a gun. Naranjo called the police, and a few minutes later two police officers arrived and parked behind a pickup truck in front of appellant's house. The police officers and Naranjo testified that appellant fired a shot toward one of the police officers. The officers returned fire, and Estrada was injured and disarmed. Estrada however testified that the police started the shooting, that he hid behind a fence post and prayed, and that he lifted up his hand and the pistol fired. He testified he did not fire his gun intentionally and did not know in what direction the gun was aimed. The jury was instructed on the affirmative defenses of intoxication and the reasonable use of self-defense.

Appellant argues that there was insufficient evidence to support the jury's verdict of assault in the first-degree against a police officer and that he is entitled to a new trial to raise the defense of good faith but unreasonable belief in the necessity of self-defense. In support of this latter contention, the appellant relies on *People v. Bramlett,* 194 Colo. 205, 573 P.2d 94 (1977).

The appellant first urges us to find that the evidence that he was intoxicated at the time of the offense indicates that he was incapable of forming the requisite intent required in our first-degree assault statute. We find no merit in this argument. The appellant's own expert witness testified at the trial that an individual with the same blood alcohol count as the appellant's at the time of the incident could still make a choice as to his actions. Also, the evidence clearly indicated that appellant recognized the fact that police officers were involved. The appellant's own testimony showed that he clearly remembered his actions on the day of the incident. Thus, the jury had sufficient evidence to find that the appellant was not so intoxicated as to be unable to form the requisite intent.

The appellant also contends that statements made in *People v. Bramlett, supra,* entitled him to a new trial. In *Bramlett,* the defendant was convicted of violating the Colorado first-degree assault statute, section 18-3-202(1)(a), C.R.S. 1973. On appeal to this court, Bramlett successfully argued that one convicted of first-degree assault, section 18-3-202(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8)[1] was similarly situated to a

---

[1] 18-3-202. *Assault in the first degree.* (1) A person commits the crime of assault in the first degree if: (a) With intent to cause serious bodily injury to another person, he causes serious injury to any person by means of a deadly weapon; or . . . (2) Assault in the first degree is a class 3 felony.

person convicted of criminally negligent homicide, section 18-3-105(1)(b), C.R.S. 1973,[2] and that, as such, it was a violation of the constitutional guarantee of equal protection to expose a defendant to a sentence of five to forty years for intentionally causing serious bodily injury but only six months to two years for intentionally killing. *See People v. Montoya,* 196 Colo. 111, 582 P.2d 673 (1978). In addition, this court stated in *Bramlett* that a defendant accused of first-degree assault, section 18-3-202(1)(a), was entitled to the affirmative defense of an unreasonable but good faith belief in the justified use of self-defense. The appellant argues that his conviction under subsection (1)(e) of the first-degree assault statute places him in a situation similar to those who come within the *Bramlett* rationale[3] and that he is entitled under the Fourteenth Amendment's equal protection clause to a new trial and, if convicted, to a sentence of no more than six months to two years.

The rationale of *Bramlett* was recently the subject of an opinion of the United States Supreme Court in *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) which involved two nearly identical federal firearms statutes. Conviction under one, however, could result in five years' imprisonment, while conviction under the other could result in only two years' imprisonment. The United States Supreme Court held that the penalty scheme did *not* violate equal protection because the decision to prosecute and what charge to file before a grand jury are decisions that rest in the prosecutor's discretion. The Supreme Court reasoned that just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced.

We are not persuaded by the Supreme Court's reasoning on this issue and expressly decline to apply it to our own State Constitution's due process equal protection guarantee. Colorado Constitution, Article II, Section 6 and 25. *See People v. Max,* 70 Colo. 100, 198 P. 150 (1921) (equal protection is an inherent guarantee in the Colorado Constitution's due process clause). We find a penalty scheme that provides widely

---

[2] Prior to July 1, 1977, this statute stated:
18-3-105. *Criminally negligent homicide.* (1) A person commits the crime of criminally negligent homicide if he causes the death of another person: . . . (b) Intentionally in the good faith but unreasonable belief that one or more grounds for justification exist under sections 18-1-701 to 18-1-707. (2) Criminally negligent homicide is a class 1 misdemeanor.
This statute has been amended to substitute "knowing" for "intentional." This decision, therefore, applies only to persons convicted of first-degree assault prior to July 1, 1977.
[3] There are obvious and distinct differences between subsection (1)(a) of the first-degree assault statute under which Bramlett was convicted and subsection (1)(e) at issue here. The former subsection requires intent to cause serious bodily injury with a deadly weapon with that injury resulting; the latter merely prohibits the *threatening* of a police officer or fireman on duty with a deadly weapon with the intent to cause serious bodily injury.

divergent sentences for similar conduct and intent to be irrational and thus uphold that part of our decision in *Bramlett* requiring a defendant who raises this affirmative defense and who was convicted of first-degree assault to receive no greater sentence than he could have received if he had been convicted of the criminally negligent homicide statute in effect prior to July 1, 1977.

We cannot, however, accept the appellant's argument that he is entitled to a new trial on the grounds that the jury should have been instructed on the affirmative defense of good faith but unreasonable belief that the use of self-defense was justified. The fact that the legislature provided different defenses for essentially the same conduct does not justify the stretching of unequivocal statutory language. *Barrett v. United States,* 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976). To permit the extension of this defense to first-degree assault, it must be manifestly clear that the legislature intended criminally negligent homicide's unique affirmative defense to repeal the common law standard of reasonable self-defense, as it is applied to first-degree assault crimes. It is not enough merely to show that the two statutes produce different results when applied to the same factual situation. *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976).

The legislature obviously intended to reserve the affirmative defense of unreasonable but good faith belief that self-defense was justified only to the offense of criminally negligent homicide. In *Bramlett, supra,* we found such a statutory scheme to be irrational where the activities of the defendant in committing an assault are essentially similar to this form of homicide, but the victim did not die. Here, we have a crime involving an assault on a police officer engaged in the performance of his duties. In order to convict a person for this offense, the legislature has mandated that the People prove that the defendant knew or reasonably should have known that the victim was "a peace officer or fireman acting in the performance of his duties." Section 18-3-202(1)(e), C.R.S. 1973.

By using such language, the legislature excluded the defense of "unreasonable but good faith belief," inasmuch as a conviction is required if the jury should find that Estrada should *reasonably* have known that the police officers were acting within their lawful duties.[4] We decline to find this statutory scheme irrational. We therefore hold that this case is distinguishable from *Bramlett,* and accordingly, limit the holding stated therein.

Judgment affirmed.

---

[4] This is not to say that a defendant is precluded from raising the defense that the police officers acted *unlawfully* in such a manner that the defendant was acting under the reasonable and good faith belief that self-defense was justified. However, Estrada has made no such assertion here.