Earl V. THOMPSON, Jr., Petitioner,

v.

James G. RICKETTS, Executive Director, Department of Corrections, State of Colorado, Respondent.

Civ. A. No. 80–K–1152.

United States District Court, D. Colorado.

Oct. 29, 1980.

Earl V. Thompson, Jr., pro se.

David K. Rees, Asst. Atty. Gen., Denver, Colo., for respondent.

## ORDER OF DISMISSAL

KANE, District Judge.

This is an action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner *pro se* Earl V. Thompson is an inmate at the Colorado State Penitentiary as a result of his first–degree assault conviction in the Denver District Court. Petitioner appealed to the Colorado Supreme Court and his conviction was affirmed. The court held that Colorado's first–degree assault statute is constitutional and that the trial court properly denied certain jury instructions and properly admitted certain impeachment testimony. *People v. Thompson*, 197 Colo. 299, 592 P.2d 803 (1979).

Petitioner alleges several grounds for release. Once again, he challenges the constitutionality of Colorado's first–degree assault statute. In addition, he alleges four instances of prosecutorial misconduct, he alleges that count one of the information is factually defective, that cumulative errors require the reversal of his conviction, and that the trial court erred in permitting the prosecutor to endorse a critical medical witness on the day of trial while denying petitioner's motion for continuance.

█ With the exception of his claim that his sentence for his first–degree assault conviction violates the constitution, petitioner failed to raise any of the allegations of error in state courts either by direct appeal or by means of Rule 35 of the Colorado Rules of Criminal Procedure. Since petitioner has not exhausted his state remedies on these issues he cannot obtain habeas corpus relief from the federal courts. *Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Kanan v. District Court*, 438 F.2d 521 (10th Cir. 1971).

Petitioner argues that there is no difference between the elements of first–degree assault and second–degree assault, C.R.S. 1973, 18–3–202(1)(a) (as amended) and C.R.S.1973, 18–3–203(1)(a) (as amended), respectively. He maintains that this provides the prosecutor with unfettered discretion in the selection of the laws. Petitioner has challenged the constitutionality of C.R.S.1973, 18–3–202(1)(a) (as amended) in state appellate courts but on other grounds. Since petitioner has not raised this argument in the state courts he may not obtain relief from the federal courts. *Pitchess v. Davis, supra.* The Colorado Legislature has made manslaughter a class four felony, punishable by a maximum of ten years in the state penitentiary. First–degree assault is a third–class felony, punishable by a sentence of from five to forty years in the state penitentiary.[1]

Petitioner argues that because one who acts in the heat of passion and merely wounds his victim may be punished more severely than one who kills in the heat of passion, Colorado's first–degree assault statute, C.R.S.1973, 18–3–202(1)(a) (as amended), is violative of the Fourteenth Amendment's Equal Protection Clause. Petitioner contends that it is irrational for the legislature to allow "heat of passion" to mitigate punishment when a defendant kills his victim, but disallows "heat of passion" mitigation when his victim survives the attack, citing *People v. Montoya,* Colo., 582 P.2d 673 (1978); *People v. Bramlett,* 194 Colo. 205, 573 P.2d 94 (1977), *cert. denied, Colorado v. Bramlett,* 435 U.S. 956, 98 S.Ct. 1590, 55 L.Ed.2d 808 (1978); *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975). *See People v. Estrada,* 601 P.2d 619 (Colo. 1979).

The Colorado Supreme Court rejected petitioner's argument in *People v. Thompson,* 592 P.2d at 806, relying on *People v. Montoya, supra.* In *Montoya,* a conviction was obtained for both attempted manslaughter and first–degree assault. The court concluded that the jury's verdict in that case,

specifically, the attempted manslaughter verdict, established that Montoya had acted in the heat of passion when he attacked his victim. There, the court held:

> A person charged with first–degree assault, who can establish that he acted in "heat of passion," is constitutionally protected against receiving a greater penalty than he could have received had he caused the death of his victim.

582 P.2d at 676 (footnote ómitted). In *Thompson, supra,* the court stated "Unlike the defendant in *People v. Montoya, supra,* the defendant in this case (petitioner) was acquitted on the attempted manslaughter charge," 592 P.2d at 806. In other words, the court found that since petitioner did not establish that he acted in the heat of passion, the *Montoya* holding did not apply. The court expressly declined to extend *Montoya* beyond its limited holding.

■ Whether petitioner established his heat of passion claim is an issue for the jury to determine. *People v. Bramlett,* 194 Colo. 205, 573 P.2d 94 (1978). Petitioner relies on the fact that the jury verdict form for attempted manslaughter was left unsigned until fifteen months after the trial at which time the trial judge entered the not guilty verdict as to that charge. Petitioner contends that this means the jury did not actually reject his heat of passion claim. Indeed, petitioner argues that the jury's omission in not signing the attempted manslaughter verdict form *establishes* that he acted in the heat of passion and entitles him to relief. The argument is without merit.

■ It is settled law that alleged errors in the trial proceedings by a state court in the exercise of jurisdiction over a case properly before it cannot be reviewed by habeas corpus unless there has been a deprivation of constitutional rights such as to render the judgment void, or to amount to a denial of due process. *Bizup v. Tinsley,* 316 F.2d 284 (10th Cir. 1963). Assuming the jury did not sign the verdict form for the charge of attempted manslaughter, that omission, if error at all, was harmless error

---

1. Petitioner, convicted of first–degree assault, was sentenced to not less than twenty nor more than thirty years imprisonment in the state penitentiary.

and did not deny petitioner due process of law. The Colorado Supreme Court held that petitioner was in fact acquitted of attempted manslaughter. I agree. Since petitioner has failed to establish that he acted in the heat of passion his engaging argument is flawed and must be rejected. It is therefore

ORDERED that this petition for writ of habeas corpus is denied and this civil action is dismissed.

