The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Albert MARTINEZ, Defendant-Appellant.

No. 81SA386.

Supreme Court of Colorado,
En Banc.

April 4, 1983.

Rehearing Denied April 18, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Daniel Dailey, J. Stephen Phillips, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

Defendant Martinez appeals the denial of his Crim.P. 35(c) motion to either vacate his guilty plea on a charge of first-degree assault[1] or to resentence him. We affirm.

The defendant pled guilty to shooting his victim at point-blank range, causing partial paralysis, in an incident which occurred in 1973. Pursuant to a plea bargain, three other counts, including two habitual criminal counts, were dismissed. The defendant was sentenced to a term of 15 to 25 years in the penitentiary in accordance with his plea bargain.

At the providency hearing the defendant told the trial judge that although he wished to accept the plea bargain, he acted in self-defense. The record established that the defendant, after being fully advised of his rights, waived them and knowingly and consciously chose to plead guilty. He was represented by counsel during all the proceedings. On this basis, his plea of guilty must stand. *McMann v. Richardson,* 397 U.S. 759, 774, 90 S.Ct. 1441, 1450, 25 L.Ed.2d 763, 775 (1970); *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The defendant bases his claim for resentencing and reducing his sentence on our decision in *People v. Bramlett,* 194 Colo. 205, 573 P.2d 94 (1977). This reliance is misplaced because *Bramlett* has no application to the facts here. We held in *Bramlett*

1. Section 40–3–202(1)(a), C.R.S.1963, now section 18–3–202(1)(a), C.R.S.1973 (1978 Repl.Vol. 8).

that if a defendant charged with first-degree assault raised the affirmative defense of self-defense at trial and "if the jury determines that the defendant acted with the good faith, but unreasonable belief, that his actions were justified, the sentence imposed can be no greater than that which could be imposed upon a defendant under the criminally negligent homicide statute." *See People v. Estrada,* 198 Colo. 188, 601 P.2d 619 (1979). The defendant's conviction pursuant to a plea agreement forecloses any assertion of the affirmative defense and sentencing considerations recognized in *Bramlett.*

The trial court's judgment is affirmed.