The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

George Preston WHEATLEY,
Defendant–Appellant.

No. 88CA0671.

Colorado Court of Appeals,
Div. V.

Sept. 13, 1990.

Rehearing Denied Nov. 1, 1990.

Certiorari Denied Feb. 19, 1991.

---

* Sitting by assignment of the Chief Justice under
provisions of the Colo. Const., art. VI, Sec. 5(3),
and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Angela D. Martinez, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, George Preston Wheatley, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree assault, crime of violence, misdemeanor reckless endangerment, and felony menacing. He also appeals the sentence imposed. We affirm.

Defendant's conviction arose out of a series of incidents which led to the victim being shot. Although shot in the forehead, the victim survived with only superficial wounds. It is undisputed that the defendant was responsible for the shots fired; however, the matter of his intent was a contested issue.

I.

■ Defendant first challenges his conviction on the grounds that the trial court erred in refusing to admit opinion evidence of his truthful character offered by defendant. We disagree.

CRE 608(a) provides that the credibility of a witness may be supported by evidence in the form of opinion or reputation, but only:

"*after* the *character* of the witness for truthfulness has been *attacked* by opinion or reputation evidence or otherwise." (emphasis supplied)

■ When a defendant in a criminal case takes the stand, he places his credibility in issue in the same manner as any other witness does. However, as is also the case with every other witness, evidence as to his character for truthfulness is inadmissible unless his *character* has been the subject of a previous attack. *United States v. Angelini*, 678 F.2d 380 (1st Cir.1982); *United States v. Jackson*, 588 F.2d 1046 (5th Cir.1979), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979).

■ Cross-examination pointing out how the defendant's testimony is inconsistent with the testimony of other witnesses does not constitute an attack upon his character for truthfulness. *United States v. Jackson, supra.* Indeed, even evidence that the defendant has given inconsistent statements with respect to the subject of his testimony may be deemed an insufficient "attack" upon his character so as to allow opinion or reputation evidence under CRE 608(a). *See Tevlin v. People*, 715 P.2d 338 (Colo.1986).

■ Rather, something more than the contradiction of the witness' testimony must have occurred for there to be an attack of the witness' character. *See People v. Exline*, 775 P.2d 48 (Colo.App.1989)

(claim that, because of unrelated traumatic events, witness was in highly emotional state subject to suggestions); *People v. Koon*, 724 P.2d 1367 (Colo.App.1986) (testimony that witness was a habitual liar); *People v. Koon*, 713 P.2d 410 (Colo.App. 1985) (cross-examination established witness' untruthfulness on other occasions).

Here, the only attack upon defendant's credibility came during his cross-examination by the prosecutor who pointed out that defendant's testimony contradicted the testimony of other witnesses. The prosecutor also questioned defendant as to the reasons defendant failed to disclose certain assertions he made during his testimony in pre-trial interviews with investigators. In our view, the trial court committed no error in determining that this was not a sufficient attack upon defendant's character for truthfulness to provide a basis for opinion or reputation evidence under CRE 608(a). *See Tevlin v. People, supra.*

## II.

■ Defendant next contends that the sentence he received for second degree assault violated the constitutional guarantees of equal protection. Again, we disagree.

In addressing this issue, we first conclude that defendant's claim concerns the improper application of certain pertinent statutes, rather than the facial invalidity of those statutes. We have no jurisdiction to decide the latter issue. *See* § 13–4–102(1)(b), C.R.S. (1987 Repl.Vol. 6A).

Defendant's argument is that he has unconstitutionally received a longer sentence for second degree assault than he would have received had he caused the victim's death and been convicted of manslaughter. The basis of defendant's assumption that he would have been convicted of manslaughter if the victim had died is the fact that the jury acquitted him both of attempted first degree murder and of the lesser included offense of attempted second degree murder.

In making this argument, defendant relies on the cases of *People v. Montoya*, 196 Colo. 111, 582 P.2d 673 (1978) and *People v.*

*Bramlett*, 194 Colo. 205, 573 P.2d 94 (1977), *cert. denied*, 435 U.S. 956, 98 S.Ct. 1590, 55 L.Ed.2d 808 (1978).

In *Montoya*, the defendant was convicted of both attempted manslaughter and first degree assault. The obvious import of the verdicts rendered was that defendant had intentionally caused serious bodily injury under a "heat of passion." However, the sentence he received for first degree assault was greater than the penalty he would have been subjected to had he caused the death of his victim and been convicted of manslaughter. Consequently, the court determined that defendant's right to equal protection had been violated.

In *People v. Bramlett, supra*, a similar argument was made regarding the penalty defendant was exposed to for his conviction of first degree assault as compared to the penalty he would have received had he been convicted of the type of criminally negligent homicide that requires an intentional, but unjustified, use of fatal force. Like the court in *Montoya*, the court in *Bramlett* found defendant's sentence unconstitutional, based on the principle that a statute which prescribes different degrees of punishment for the same acts committed under like circumstances by persons in like situations is violative of a person's right to equal protection.

Here, while the defendant presumes that he would have been convicted of manslaughter had the victim died, he was not, in fact, convicted of attempted manslaughter as was the defendant in *Montoya*. *See People v. Thompson*, 197 Colo. 299, 592 P.2d 803 (1979).

Furthermore, under second degree assault, an accused must *intend* to cause bodily injury to another person and must cause or attempt to cause such injury to any person by means of a deadly weapon. *See* § 18–3–203(b), C.R.S. (1986 Repl.Vol. 8B). This specific intent represents a higher level of mens rea than the recklessness required for reckless manslaughter. *See* § 18–1–501, C.R.S. (1986 Repl.Vol. 8B). Therefore, there is a rational basis for the difference in sanctions. *See People v.*

*Brewer*, 720 P.2d 596 (Colo.App.1985) (difference in the intent requirement between two criminal offense statutes provides a rational basis for disparate sanctions). This being the case, there was no constitutional impediment to imposing the sentence defendant received.

### III.

■ Finally, we reject defendant's argument that there was an insufficient basis to establish the amount of restitution set by the trial court.

The statutes involved, §§ 16–11–102(4) and 17–2–201(5)(c)(I), C.R.S. (1986 Repl.Vol. 8A), allow the court to set the amount of restitution, the payment of which the parole board shall later make a condition of any parole.

Defendant concedes he owes restitution in the amount of $208.50, which represents the medical expenses necessary to treat the victim's physical wounds. However, he objects to the order to pay the additional $781.25 for reimbursement of the expenses incurred by the victim for post-traumatic counseling.

The trial court ordered that the entire sum be paid by defendant, determining that it was the trauma imposed upon the victim's pre-existing mental state that made the latter expenditures necessary. Because there is support for this conclusion in the record, we are satisfied that the trial court committed no error in entering its restitution order.

The judgment and sentence are affirmed.

REED and VAN CISE *, JJ., concur.