**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**John J. MEINERZ, Defendant–Appellant.**

**No. 92CA1749.**

Colorado Court of Appeals, Div. II.

Jan. 27, 1994.

Rehearing Denied March 3, 1994.

Certiorari Granted as to Issue One and Judgment Vacated March 6, 1995.*

* Certiorari Granted on the following issue:

Issue one is "whether the court of appeals erred in holding that CRE 404(a)(1) entitles a defendant to present evidence of his character for truthfulness simply because he testifies at trial." Certiorari is GRANTED on issue 1 and the judgment of the Colorado Court of Appeals is vacated. The case is remanded for reconsideration in light of *People v. Miller,* 890 P.2d 84 (Colo.1995).

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Steven A. Gall, P.C., Hot Sulphur Springs, for defendant-appellant.

Opinion by Judge NEY.

Defendant, John J. Meinerz, appeals the judgment of conviction entered upon a jury verdict finding him guilty of criminal solicitation to commit first degree murder. We reverse and remand for a new trial.

Defendant's conviction arose from his solicitation of a police informant to kill his ex-wife in exchange for proceeds from an insurance policy on her life. At trial, defendant maintained that he was coerced, acted out of fear of the informant, and, further, that he intended to entrap the informant and turn him in to the police.

## I.

Defendant contends that the trial court erred in its refusal to admit testimony concerning his character trait for truthfulness. We agree.

In its ruling disallowing defendant's character evidence, the trial court relied upon CRE 608(a), which provides that evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked.

That ruling was consistent with *People v. Wheatley*, 805 P.2d 1148 (Colo.App.1990) in which it was held that cross-examination of defendant was an insufficient attack on the defendant's character for truthfulness to provide a basis for him to present evidence of his truthful character. However, the trial court's and the *Wheatley* analysis did not include the effect of CRE 404(a)(1), which creates an exception and gives an accused, after he has testified, the right to introduce evidence of his pertinent character trait for truthfulness. Thus, the *Wheatley* ruling is not dispositive.

If a defendant testifies, even though he does not place his character at issue, his credibility becomes pertinent. Evidence of his character for truthfulness is then admissible under CRE 404(a)(1). *People v. Miller*, 862 P.2d 1010 (Colo.App.1993). Consequently, we conclude that the trial court's refusal to admit such testimony was error, and thus, the question becomes whether that error was harmless.

Here, the defense was based upon defendant's claim that he acted under duress. Therefore, the perception of the jurors regarding his credibility and the weight to be given his testimony substantially affected the outcome of his trial. Under these circumstances, we are unable to conclude that the refusal to admit evidence of defendant's character for truthfulness did not deprive him of substantial justice. Hence, reversal is required.

## II.

We address the further contentions of defendant only as to their effect upon his retrial.

## A.

Defendant asserts that the trial court erroneously denied his motion to suppress evidence obtained from the electronic monitoring and recording of his conversations. We do not agree.

In *People v. Morton*, 189 Colo. 198, 539 P.2d 1255 (1975), *cert. denied*, 423 U.S. 1053, 96 S.Ct. 783, 46 L.Ed.2d 642 (1976), our supreme court recognized that no unlawful interception occurs if one party to an electronically monitored conversation voluntarily consents to such monitoring. Furthermore, a challenge to the voluntary nature of a party's consent is determined based upon the totality of circumstances. *People v. Rivera*, 792 P.2d 786 (Colo.1990).

Sometime before he met defendant where both worked, the informant had volunteered to provide authorities with information regarding illegal drugs. By doing so, the informant sought to secure his wife's release from jail.

The informant's consent to have his conversations with defendant monitored grew out of his earlier voluntary approach to the authorities. The record, thus, does not support defendant's contention that the informant was coerced into consenting to have his conversation with defendant monitored. Consequently, we perceive no error.

## B.

We also reject defendant's contention that the trial court erred in its refusal to allow his choice of evils defense.

Under the doctrine of choice of evils, acts which would otherwise be criminal may be justifiable if such acts were performed under extraordinary circumstances out of some immediate necessity to prevent a greater harm from occurring. The party seeking to employ such a defense must prove that the criminal act was "necessary because of the sudden and unforeseen emergence of a situation requiring the actor's immediate action to prevent the occurrence of an imminently im-

pending injury." *People v. Brandyberry,* 812 P.2d 674, 678–679 (Colo.App.1990).

The record, when considered in the light most favorable to defendant, fails to support defendant's contention that his actions were immediately necessary to prevent an imminent injury to his family. Thus, we perceive no error.

### C.

Defendant further contends that the trial court erred in its refusal to give his proffered instructions on entrapment and execution of a public duty. Again, we disagree.

 Defendant sought to instruct the jury that the prosecution was required to prove that he was disposed to commit the crime independent of any involvement with the informant. However, this instruction is inconsistent with the requirements of an entrapment defense as set out in *Evans v. People,* 706 P.2d 795 (Colo.1985). The instruction on entrapment given to the jury essentially conformed with the *Evans* requirements and was correctly given.

We call the trial court's attention to *Jacobson v. United States,* 503 U.S. 540, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992) and *Evans, supra,* and, under similar evidence on retrial, we direct it to instruct the jury that a defendant's predisposition to commit the crime, rather than the conduct of the government agent, remains the dispositive issue.

The trial court similarly rejected the instruction tendered by defendant that suggested he was performing the public duty of entrapping the informant. While a defendant is entitled to an instruction on his theory of defense provided that theory is supported by the evidence, such supporting evidence is not present here. Hence, the trial court did not err in its refusal.

### D.

Defendant asserts as reversible error the trial court's refusal to impose a sanction on the prosecution for failure to provide the address of a witness. We disagree.

The record supports the trial court's conclusion that the prosecution had made reasonable, good faith efforts to locate the witness' address and, therefore, that it properly denied defendant's request. *See People v. Bustos,* 725 P.2d 1174 (Colo.App.1986).

### III.

The remaining issues raised by defendant are unlikely to occur on retrial and, thus, need not be addressed.

The judgment of conviction is reversed, and the cause is remanded for a new trial.

TURSI and TAUBMAN, JJ., concur.