639 So.2d 1108 (1994)
Alan Gilman IACOVONE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02438.
District Court of Appeal of Florida, Second District.
July 22, 1994.
James Marion Moorman, Public Defender, Bartow, and Karen Kinney, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kimberly D. Nolen, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Alan Gilman Iacovone, appellant, challenges his judgments and sentences for burglary, criminal mischief, aggravated assault, aggravated battery, and attempted murder in the third degree of a law enforcement officer. We reverse the appellant's judgment and *1109 sentence for attempted murder in the third degree of a law enforcement officer on the ground that sections 784.07(3) and 775.0825, Florida Statutes (1991), as applied, violate the Equal Protection Clause.[1] We affirm the remaining convictions.
The appellant argues that the offense classification and penalty mandated by sections 784.07(3) and 775.0825, violate the rationality requirement of the Equal Protection Clause. Section 784.07(3) provides:
Notwithstanding the provisions of any other section, any person who is convicted of attempted murder of a law enforcement officer engaged in the lawful performance of his duty or who is convicted of attempted murder of a law enforcement officer when the motivation for such attempt was related, all or in part, to the lawful duties of the officer, shall be guilty of a life felony, punishable as provided in s. 775.0825.
A conviction is punishable by a twenty-five year minimum mandatory term. § 775.0825, Fla. Stat. (1991). The appellant was sentenced to thirty years, with a twenty-five year minimum mandatory term. By contrast, murder in the third degree of a law enforcement officer is punished much less severely. It carries a maximum and mandatory sentence of fifteen years' imprisonment. §§ 782.04(4), 775.082(3)(c), and 775.0823(3), Fla. Stat. (1991).[2]
Statutes are presumed to be constitutional. State v. Wilson, 464 So.2d 667 (Fla. 2d DCA 1985). It is within the legislature's power to prohibit any act, determine the class of an offense, and prescribe punishment. State v. Bailey, 360 So.2d 772, 773 (Fla. 1978). The test to be used in examining a statutory classification on equal protection grounds is whether the classification rests on a difference bearing a reasonable relation to the object of the legislation. Soverino v. State, 356 So.2d 269, 271 (Fla. 1978). If there is any reasonable basis for the classification created by the legislature, the law will be sustained. Bloodworth v. State, 504 So.2d 495 (Fla. 1st DCA 1987).
Persons charged with attempted third-degree murder of a law enforcement officer and those charged with the completed offense of third-degree murder are not similarly situated because they are charged with different offenses. See People v. Suazo, 867 P.2d 161 (Colo.Ct.App. 1993). Thus, the statutory scheme in question in this case resists a traditional equal protection analysis. Nevertheless, irrational classifications may violate fundamental constitutional principles if the prescribed penalties are not "rationally related to the recognized legislative objective of establishing `more severe penalties for acts which it believes have greater social impact and more grave consequences.'" 867 P.2d at 164 (quoting People v. Montoya, 196 Colo. 111, 582 P.2d 673, 675 (1978)).
The Florida Legislature has expressed an intention to provide law enforcement officers with the greatest protection possible because of their exposure to great risk of violence. See Ch. 89-100, § 2, Laws of Fla. (creating § 775.0823, Fla. Stat.). It is obvious that this intent guided the legislature in enacting sections 784.07(3) and 775.0825. However, we are unable to glean the legislative objective in classifying an attempt to murder more severely than a completed murder and in rewarding the completed murder with a lower sentence than the failed attempt. Such a result is inconsistent with the objective of protecting law enforcement officers.[3]
*1110 Finding no rational basis for the penalty classification, we conclude that sections 784.07(3) and 775.0825 violate the Equal Protection Clause when applied to attempted third-degree murder of a law enforcement officer. We therefore reverse the appellant's judgment and sentence for attempted third-degree murder of a law enforcement officer. We affirm the convictions on the other offenses. Because the appellant concedes and the record supports the validity of a conviction for attempted third-degree murder, we remand for the trial court to enter a judgment for attempted third-degree murder and to classify this offense as a felony of the third degree pursuant to sections 782.04(4) and 777.04(4)(c), Florida Statutes (1991). The trial court should then resentence the appellant on all offenses after the guidelines scoresheet is recalculated.
Affirmed in part; reversed in part and remanded.
SCHOONOVER, A.C.J., and FULMER, J., concur.
NOTES
[1] U.S. CONST. amend. XIV; FLA. CONST. art. I, § 2.
[2] Section 775.0823(3), Florida Statutes (1991) provides for an increase in penalty for any person convicted of a violent offense against a law enforcement officer, to wit: "[f]or murder in the third degree as described in s. 782.04(4), a sentence of imprisonment for 15 years before eligibility for release shall be imposed."
[3] Although the appellant did not raise a due process argument before the trial court, we note Judge Zehmer's concurring opinion in Carpentier v. State, 587 So.2d 1355, 1359 (Fla. 1st DCA 1991), that a statutory scheme that provides "for a single level of punishment for an `attempted murder' of a law enforcement officer while preserving different levels of punishment for the actual murder of such officers ... and ... purports to impose a greater penalty for an `attempted murder in the third degree' than for a consummated killing constituting `murder in the third degree,' smacks heavily of arbitrary and capricious legislation so vague and uncertain in meaning that it fails to meet constitutional requirements of due process."