**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**James E. REEDY, Defendant-Appellant.**

**No. 83CA1120.**

Colorado Court of Appeals, Div. III.

July 11, 1985.

Rehearing Denied Aug. 1, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

Hall & Evans, Thomas N. Alfrey, Kathleen G. Lanterman, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, James E. Reedy, appeals from judgments of conviction entered on jury verdicts finding him guilty of second degree assault on a peace officer and of third degree assault on his girlfriend. We affirm in part and reverse in part.

The charges here at issue arose from an incident occurring when the Parachute chief of police responded to a call concerning a disturbance at defendant's apartment. When the officer attempted to arrest and handcuff defendant, defendant obtained possession of the officer's gun. In an ensuing scuffle, the officer was cut and bruised on his head and body, and four shots were fired, two of which hit defendant. How and by whom the shots were fired was the subject of conflicting evidence.

Defendant was charged with two counts of first degree and one count of second degree assault on the officer, one count of third degree assault on his girlfriend, and with commission of violent crime. He was acquitted on the first degree assault and violent crime charges, and was convicted on the second and third degree assault counts.

## I.

■ Defendant first contends that he was denied due process and that all charges should have been dismissed because of the prosecution's negligent suppression and destruction of evidence consisting of a T-shirt allegedly worn by defendant, the clothes worn by the officer, and the pink notes of a police investigator. We disagree.

The trial court found, on supporting evidence, that the defendant was not wearing a T-shirt at the time of the altercation. The officer's shirt and pants were not preserved, but there was no showing that, had they been produced, they would have been

exculpatory or relevant to defendant's case. *See Garcia v. District Court*, 197 Colo. 38, 589 P.2d 924 (1979). And, the record shows that the notes were on yellow and not on pink paper, and that defense counsel received the yellow sheets.

## II.

Contrary to defendant's contention of error, the trial court did not permit defense counsel, on cross-examination of the police officer victim, to inquire into the witness' knowledge concerning the Parachute municipal ordinance on disorderly conduct and the conduct of defendant upon which the officer relied in attempting to arrest defendant therefor. CRE 401 and 611.

## III.

Defendant claims that the trial court committed error in refusing to give a requested special interrogatory to the jury concerning "heat of passion" and that his second degree assault conviction must be reversed for that reason. We agree.

Second degree assault is a class 4 felony, except that if it is "committed under circumstances where the act causing the injury is performed, not after deliberation, upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the person causing the injury sufficiently to excite an irresistible passion in a reasonable person, it is a class 1 misdemeanor." Section 18–3–203(2), C.R.S. (1984 Cum.Supp.).

We cannot accept the People's argument that the trial court correctly ruled that the "heat of passion" provision is inapplicable to assault on a peace officer. No exception is stated in the statute, and we cannot judicially legislate such an exception. There was evidence that would support a finding that defendant acted in "a sudden heat of passion" and that the acts complained of were of a "serious and highly provoking" type. Therefore, he was entitled to a finding by the jury on that issue so that the trial court could determine the degree of the offense and an appropriate sentence. *See People v. Grable*, 43 Colo. App. 518, 611 P.2d 588 (1979).

## IV.

Defendant claims that there was insufficient evidence to support his conviction of third degree assault on his girlfriend. We do not agree.

This victim, called by the People as an adverse witness, testified that defendant slapped her, that the slap was painful, and that she then fell against a wall and on the ground. Other witnesses testified that they heard a woman screaming in defendant's apartment at the time of the assault. Furthermore, there was evidence from which the jury could infer that defendant beat her, knocked her unconscious, and then placed her in the shower to revive her.

This evidence was substantial and sufficient to support beyond a reasonable doubt the conclusion by the jury that defendant knowingly or recklessly caused bodily injury to the victim, the essential elements of third degree assault. Section 18–3–204, C.R.S. (1978 Repl. Vol. 8). *See People v. Ray*, 640 P.2d 262 (Colo.App. 1981). Under the statutory definition, "bodily injury" means "physical pain, illness, or any impairment of physical or mental condition," § 18–1–901(3)(c), C.R.S. (1978 Repl. Vol. 8); it "need not be of a crippling or otherwise incapacitating nature to be within the statutory prohibition." *People v. Lobato*, 187 Colo. 285, 530 P.2d 493 (1975).

## V.

We have examined the defendant's remaining contentions and conclude that they are without merit.

The judgment of conviction of third degree assault is affirmed. The judgment of conviction of second degree assault is reversed, and the cause is remanded for a new trial on that charge.

TURSI and BABCOCK, JJ., concur.