**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Frank A. BRIGHI, Defendant–Appellee.**

**No. 86SA496.**

Supreme Court of Colorado, En Banc.

June 13, 1988.

Stanley C. Peek, Dist. Atty., Dwight R. Schmidt, Regina M. Walsh, Deputy Dist. Attys., Greeley, for plaintiff-appellant.

Zane M. Pic, Greeley, for defendant-appellee.

MULLARKEY, Justice.

In this appeal, the People challenge the trial court's judgment entering a verdict against the defendant of guilty of assault in the second degree, a class 1 misdemeanor defined by section 18–3–203(2)(a), 8B C.R.S. (1986), after the jury was unable to determine whether the defendant acted in the heat of passion. The People are appealing a question of law pursuant to section 16–12–102(1), 8A C.R.S. (1986), and the appeal is properly before this court pursuant to C.A.R. 4(b)(2). We disapprove the trial court's judgment.

I.

The defendant, Frank Anthony (Tony) Brighi, was charged in a two-count information with driving while ability impaired pursuant to section 42–4–1202(1)(b), 17 C.R.S. (1984), and assault in the second degree pursuant to section 18–3–203, 8B C.R.S. (1986). Brighi was stopped by Greeley police officers in the early morning of January 1, 1986, when his truck nearly collided with a police patrol unit. After he was given a roadside sobriety test and was informed that he was under arrest for driving under the influence of alcohol, Brighi hit one of the police officers on the chin, knocking him down and injuring him. At trial, Brighi asserted that he had acted because he thought the police officer was about to attack him with a flashlight. He contended that he should be acquitted because he acted in defense of himself or another. Alternatively, he claimed that he acted in the heat of passion which would reduce the penalty for second degree assault from a class 4 felony to a class 1 misdemeanor. See § 18–3–203(2)(a) and (b), 8B C.R.S. (1986).

The jury was instructed on the defendant's theory of the case and was given separate jury verdict forms for each of the two counts. With respect to the assault charge, the form of the jury verdict permitted the jury to find Brighi not guilty of both assault in the second degree and the lesser included offense of assault in the third degree, or guilty of either 'assault in the second degree or assault in the third degree. The jury also received a special interrogatory to be answered if it found Brighi guilty of assault in the second degree. The special interrogatory asked the jury to determine whether the defendant acted "not after deliberation, but upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the defendant sufficiently to excite an irresistible passion in a reasonable person."

After deliberating for several hours on Friday, the jury informed the court that it had been unable to reach a verdict. In response to questioning by the court, the foreman pointed to Instruction No. 11 and told the court that the jurors had been unable to determine what constituted provocation.[1] The trial court referred the jurors to the definition in the instruction without further elaboration. When the foreman indicated the jury's wish to continue its deliberations, the court instructed

---

1. Instruction No. 11 read as follows:

If you find the defendant not guilty of second degree assault, you need not consider this instruction. If, however, you find the defendant guilty of second degree assault, you must then consider the issue of provocation.

The evidence in this case has raised the issue of provocation. Provocation means that the defendant's acts were performed, not after deliberation, but upon a sudden heat of passion caused by a serious and highly provoking act of the intended victim which affected the defendant sufficiently to excite such an irresistible passion in a reasonable person.

It is the burden of the prosecution to prove beyond a reasonable doubt a lack of provocation for the defendant's acts. You should indicate on the provided verdict form whether or not you find that the prosecution has proven a lack of provocation beyond a reasonable doubt.

the jury to so continue. The jury deliberated on Friday evening, recessed for the weekend, and, by agreement, resumed further deliberations on the following Tuesday morning for approximately one and one-half hours. It then returned the verdict forms to the court. Upon examining the verdict forms, the court noted that the jury had found the defendant not guilty of driving while ability impaired and guilty of assault in the second degree. However, the jury had not answered the special interrogatory regarding whether the defendant acted in the heat of passion. The court then had the following discussion with the jury foreman:

> THE COURT: May I ask, is. this the same posture you were in Friday, or did you accomplish any of the other decisions this morning?

> THE FOREMAN: No. It's the same posture that we were in as of Friday.

> THE COURT: You are absolutely irreconcilable apparently, not to put words in your mouth, but we have gone back and forth on this on the question of being able to determine whether or not this was done in the heat of passion.

> THE FOREMAN: That is correct.

After this exchange, the court inquired whether further deliberations would be of merit and was informed by the jurors that they did not believe they could resolve the issue.

Over the prosecution's objection, the court entered judgment on the jury's verdict of not guilty of driving while ability impaired and entered a verdict of guilty of assault in the second degree as a class 1 misdemeanor. It reasoned that because the jury was unable to find that the defendant did not act in the heat of passion, "the Court must find the lesser category as having been sustained by the evidence, and will enter the verdict accordingly in order to resolve the case."

## II.

 A defendant charged with assault is entitled to a special interrogatory on heat of passion if the evidence supports it. *People v. Reedy*, 705 P.2d 1032 (Colo.Ct. App.1985) (second degree assault); *People v. Grable*, 43 Colo.App. 518, 611 P.2d 588 (1979) (first degree assault). The question presented here is whether the trial court may enter a verdict finding the defendant guilty of misdemeanor assault when the jury is deadlocked on the issue of heat of passion. We hold that the trial court usurped the jury's function and erred when it entered the verdict after the jury had been unable to reach a unanimous decision.

In *People v. Lewis*, 676 P.2d 682 (Colo. 1984), we considered a very similar issue. The defendant in that case was charged with first degree murder and the case was submitted to the jury on the original charge of deliberated murder in the first degree and the lesser offenses of murder in the second degree, heat of passion manslaughter, and criminally negligent homicide. After two days of deliberation, the jury informed the court that nine jurors had agreed on one verdict and three jurors on another verdict. The court, over the prosecution's objection, instructed the jury that if it found the defendant guilty of any offense charged in the information, including the lesser included offenses, but had a reasonable doubt as to which offense the defendant had committed, then the jury had the duty to find the defendant guilty only of the lesser offense. After receiving that instruction, the jury found the defendant guilty of heat of passion manslaughter.

We began our analysis in *Lewis* by emphasizing that:

> In Colorado, a verdict in a criminal trial must be unanimous. Crim.P. 23(a)(8) and 31(a)(3); section 18–1–406, C.R.S. (1973) (1978 Repl. Vol. 8). Unanimity requires a free and untrammeled deliberative process that expresses the conscientious conviction of each individual juror. *E.g., Lowe v. People*, 175 Colo. 491, 488 P.2d 559 (1971); *In re Allison*, 13 Colo. 525, 22 P. 820 (1889). Any judicial effort to avert a deadlocked jury must be approached with a sensitive regard for a

juror's right to hold to his or her honestly held beliefs about the particular case. An instruction that constrains an individual juror to surrender these beliefs merely for the sake of returning a verdict is, to that extent, antithetical to the unanimity requirement.

*Id.* at 686. We found that the trial court in *Lewis* "unduly interfered with the deliberative process of the jurors" by submitting the supplemental instruction. *Id.* at 687. We concluded by offering guidance for trial courts handling cases like the one now before this court. We stated:

> If, however, the jury deadlock centers solely on a particular degree of guilt, rather than on the issue of guilt or non-guilt, then the court should consider an additional instruction charging the jury to return a guilty verdict on the lesser offense as long as every essential element of the lesser offense is necessarily included in the greater offense and all jurors unanimously agree on the defendant's guilt as to either the lesser or greater offenses submitted to them for their consideration. When, as here, a lesser offense involves elements that are not necessarily included in a greater offense, the additional instruction should set forth these non-included elements and, further, should advise the jury that before the defendant can be found guilty of this particular lesser offense each of the jurors must be satisfied beyond a reasonable doubt that the defendant acted in such a manner so as to satisfy all the non-included elements.

*Id.* at 689 (footnote omitted).

■■■ The trial court here did not follow the guidelines in *Lewis*. Having determined that the jury was deadlocked on the heat of passion issue, the court simply substituted its judgment for that of the jury and entered a verdict of guilty of the lesser

offense of misdemeanor second degree assault. Under the *Lewis* guidelines, the trial court should have considered giving an instruction to the jury which would have advised the jury that it could convict the defendant of third degree assault and explained the non-included elements of heat of passion assault.[2] Given the facts of the present case, it appears that such a clarifying instruction might have been appropriate on Friday when the jury indicated its difficulty with Instruction No. 11 and its willingness to continue deliberating. However, having failed to give a supplemental instruction and having found on Tuesday that the jury was deadlocked on the issue, the court should have declared a mistrial on the assault charge. It had no authority to enter a verdict where the jury had been unable to reach a unanimous decision on that charge. Accordingly, its judgment is disapproved.

---

**2.** Misdemeanor second degree assault is not a lesser included offense of felony second degree assault because the misdemeanor requires proof of an additional element, *i.e.,* that the defendant acted in the heat of passion. *Cf. Lewis,* 676 P.2d

at 688 n. 9 (heat of passion manslaughter not lesser included offense of first or second degree murder because it involves provocation elements not essential to murder).