The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Dwayne HARRIS, Defendant–Appellant.

No. 89CA0699.

Colorado Court of Appeals,
Div. II.

Aug. 2, 1990.

Rehearing Denied Aug. 23, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Twining, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Martin J. Gerra III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Dwayne Harris, appeals the judgment of conviction and sentence entered on a jury verdict finding him guilty of first degree assault. We affirm in part, reverse in part, and remand with directions.

Defendant was a suspect in a stabbing incident. Acting on information provided by an anonymous caller, police entered an apartment complex and walked up to the apartment unit in which they believed defendant was located. The door to the apartment was completely open, and the arresting officers, while standing in the hallway of the complex, immediately saw and recognized defendant, who was sitting in the apartment, facing the door. The officers entered the apartment, without either a search or arrest warrant, and arrested him. At the time of the arrest, the officers knew that defendant was not the owner or leaseholder of the apartment.

Defendant sought to suppress statements and evidence obtained after his arrest. At the suppression hearing, defen-

dant argued that although probable cause existed for his arrest, the arrest was illegal because there were no exigent circumstances to justify a warrantless entry into the apartment. He also argued that blood samples obtained from his clothing and the statements he made to officers after he had been given a *Miranda* warning were tainted by that illegality and, therefore, should be suppressed. The trial court denied the motion, finding that defendant did not have a legitimate expectation of privacy in the apartment sufficient to challenge the warrantless arrest.

The jury found defendant guilty of first degree assault with intent to commit serious bodily injury by means of a deadly weapon and a crime of violence. Although the jury was instructed to make a finding of whether the mitigation of heat of passion was applicable to the charge of first degree assault, it failed to mark either box on the special verdict form indicating its finding as to that issue. Apparently neither defendant, the trial court, nor the prosecution noticed the oversight prior to the discharge of the jury.

The trial court imposed a sentence for first degree assault without the mitigation of heat of passion, a class 3 felony. Because of the crime of violence finding, sentence was imposed in the aggravated range.

## I.

Defendant contends that his status as a guest in the apartment entitles him to a legitimate expectation of privacy in that apartment sufficient to challenge his warrantless arrest as violative of the Fourth and Fourteenth Amendments and Colorado Const. art. II, § 7. We disagree.

It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable. *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Thus, a warrantless entry and arrest of a suspect in his home is illegal unless the prosecution can establish the existence of probable cause and exigent

circumstances. *People v. Drake,* 785 P.2d 1257 (Colo.1990).

However, capacity to claim the protection of the Fourth Amendment depends upon whether the person who claims protection of the amendment has a legitimate expectation of privacy in the invaded place. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). An expectation of privacy is legitimate if it is one that society is prepared to recognize as reasonable. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

Here, we are not persuaded that defendant's status as a guest in an apartment whose front door was so completely open as to expose defendant to public view, hearing, and speech, is sufficient to afford him a legitimate expectation of privacy that society is prepared to recognize as reasonable. *See Katz v. United States, supra; People v. Burns,* 200 Colo. 387, 615 P.2d 686 (1980) (defendant arrested without a warrant while standing in open doorway of his own apartment does not have an expectation of privacy within the scope of the Fourth Amendment). Cf. *Minnesota v. Olson,* —— U.S. ——, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990), (defendant's status as an overnight guest is sufficient to show a legitimate expectation of privacy in the host's home that society is prepared to recognize as reasonable).

Here, defendant does not claim, nor is there any evidence to suggest, that he was an overnight house guest in the apartment. Thus, the social custom recognized by the *Olson* court as valuable (staying overnight in another's home) is not present here. And, defendant's status is unlike the overnight house guest who seeks shelter in another's home "precisely because it provides him with privacy [in] a place where he and his possessions will not be disturbed by anyone...." *See Minnesota v. Olson, supra.*

Here, defendant's position in the apartment, facing a wide open door that completely exposed him to public view from the building's common area removes any legitimate expectation of privacy in the apartment that society is prepared to recognize

as reasonable. Consequently, we conclude that the trial court did not err in denying the motion to suppress.

In light of this conclusion, we need not address defendant's contention that the prosecution is required to show the existence of exigent circumstances in order to justify the warrantless entry.

## II.

Defendant contends, and the prosecution concedes, that the jury's failure to complete the verdict forms requires a remand for resentencing. We agree.

Although we are not bound by the People's concession that the jury's failure to complete its verdict forms requires a remand for resentencing, see People v. Nave, 689 P.2d 645 (Colo.App.1984), we conclude that such a remand is the appropriate remedy here.

A heat of passion defense basically admits the doing of the act charged but seeks to mitigate it. As such, once defendant introduces some credible evidence that the crime was committed under a heat of passion, the burden shifts to the prosecution to demonstrate the non-existence of circumstances justifying the heat of passion defense. See § 18–1–407, C.R.S. (1986 Repl. Vol. 8B); People v. Huckleberry, 768 P.2d 1235 (Colo.1989). Consequently, here, the absence of a finding by the jury as to the heat of passion mitigator must operate against the prosecution. Thus, defendant should be given the benefit of the heat of passion mitigator upon resentencing.

The commission of first degree assault with a deadly weapon while acting under a heat of passion reduces that crime from a class 3 to a class 5 felony. See § 18–3–202(2)(a), C.R.S. (1986 Repl.Vol. 8B). Thus, defendant must be resentenced for a class 5 felony. See § 18–3–202(1)(a); § 18–3–202(2)(a) and (c), C.R.S. (1986 Repl. Vol. 8B).

In light of the ruling announced in People v. Montoya, 196 Colo. 111, 582 P.2d 673 (1978) and followed in People v. Grable, 43 Colo.App. 518, 611 P.2d 588 (1979), we also agree with defendant's contention that the violent crime sentence enhancer cannot apply to first degree heat of passion assault. Those cases stand for the proposition that a person who acts in a heat of passion cannot constitutionally be subjected to a greater penalty if he causes serious bodily injury by means of a deadly weapon than that which could have been imposed had he caused the death of his victim.

Under the applicable statutory sentencing scheme, a person sentenced as a violent offender for first degree heat of passion assault, a class 5 felony, would be subject to a minimum mandatory sentence of at least two and one-half years, and a maximum sentence up to eight years in the department of corrections. See § 18–3–202, C.R.S. (1986 Repl.Vol. 8B); § 18–1–105(1)(a)(IV), C.R.S. (1989 Cum. Supp.); § 18–1–105(9)(a)(I), C.R.S. (1986 Repl.Vol. 8B); § 16–11–309(2)(a)(I), C.R.S. (1986 Repl.Vol. 8A); and § 16–11–309(1)(a), C.R.S. (1989 Cum.Supp.).

The penalty applicable to heat of passion manslaughter, a class 4 felony, to which the violent offender statute does not apply under § 16–11–309(2)(a)(I), is a term of imprisonment between two and eight years. See § 18–3–104(1), C.R.S. (1986 Repl.Vol. 8B) and § 18–1–105(1)(a)(IV), C.R.S. (1989 Cum.Supp.).

The judgment of conviction is affirmed, the sentence is vacated, and the cause is remanded for resentencing as a class 5 felony within the presumptive range of penalties authorized by § 18–1–105(1)(a)(IV).

STERNBERG, C.J., and RULAND, J., concur.