The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

George W. ROWE, Defendant–Appellant.

No. 90CA1742.

Colorado Court of Appeals, Div. II.

April 23, 1992.

Rehearing Denied May 21, 1992.

Certiorari Granted Oct. 13, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie A. Booras, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Miller, Hale & Harrison, Daniel C. Hale, Boulder, for defendant-appellant.

Opinion by Judge HUME.

Defendant, George W. Rowe, appeals a judgment of conviction entered upon a jury verdict finding him guilty of first degree assault committed under a heat of passion. We affirm.

### I.

■ Defendant first contends that the trial court's action in giving an instruction on first degree assault committed under a heat of passion as a lesser included offense of first degree assault constituted reversible error. We disagree.

■ We agree that, pursuant to the statutory test adopted by our supreme court, first degree assault committed under a heat of passion is not included in first degree assault because the former offense requires the existence of an additional element. However, a defendant charged with assault is entitled to a special interrogatory on heat of passion if the evidence supports it. *See People v. Brighi,* 755 P.2d 1218 (Colo.1988). *See also People v. Harris,* 797 P.2d 816 (Colo.App.1990) (heat of passion characterized as a statutory penalty mitigator rather than a separate offense).

■ We reject defendant's argument that heat of passion assault is a lesser non-included offense of assault. The heat of passion factor is similar to a lesser non-included offense in that it must be placed in issue at the behest of a defendant. However, once placed in issue and supported by evidence, the mitigating heat of passion factor must be considered by the fact-finder as to the charged offense and all other offenses to which it might apply under the law, rather than as a separate offense applicable only to the degree of offense selected by a defendant.

Here, defendant argues that he should have the benefit of an instruction that the heat of passion mitigator applies only to the lesser offense of second degree assault. Hence, under defendant's argument, the jury's finding that his crime was committed under a heat of passion would result not only in mitigating the punishment for second degree assault, but also in eliminating the possibility of his conviction of the charged offense of first degree assault. We find nothing in the statutory scheme or in the cases cited by defendant to support such a construction of the statutes.

Here, defendant placed heat of passion in issue and the trial court found that the evidence supported the giving of an instruction as to that theory. We fail to perceive that any error in instructing that first degree assault was lesser included in the charged offense resulted in prejudice to defendant. The court instructed the jury as to both first degree and second degree assault and first and second degree assault committed while under a heat of passion. The jury found that the defendant committed first degree assault while acting under a heat of passion, and that finding, amply supported by evidence in the record, may not be disturbed on appeal.

### II.

■ Defendant next contends that the trial court erred in holding that he did not have standing to contest the warrantless search of the bar he managed.

■ The purpose of both the Fourth Amendment and Colo. Const. art. II, § 7, is

to protect legitimate expectations of privacy from unreasonable governmental intrusion. *United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984); *People v. Sporleder*, 666 P.2d 135 (Colo. 1983).

■ But, before a defendant can challenge the constitutionality of a governmental search, he must demonstrate that he has a legitimate expectation of privacy in the areas searched or items seized, in other words, that he has "standing." *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *People v. Juarez*, 770 P.2d 1286 (Colo.1989).

■ The question of standing must be resolved in view of the totality of the circumstances. *People v. Tufts*, 717 P.2d 485 (Colo.1986). And, whether an expectation of privacy is legitimate depends on objective factors, not the individual's subjective intent. *People v. Tufts, supra.* Factors to be considered include whether an individual has a possessory or proprietary interest in the areas or items which are the subject of the search. *People v. Juarez, supra.*

■ While business premises are protected by the Fourth Amendment, a business, by its special nature and voluntary existence, may open itself to intrusions that would not be permissible in a purely private context. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). Furthermore, what a person knowingly exposes to the public, even in his own house or office, is not a subject of Fourth Amendment protection. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

Here, the search was conducted at the bar which defendant managed and where the altercation occurred. Evidence was adduced at trial that the bar was a commercial establishment, that the police entered the premises with the consent of bar employees, and that the items recovered were from the public portion of the bar ordinarily open to the public. Moreover, there is no evidence in the record that defendant locked the bar after the altercation or otherwise attempted to exclude the public or to conceal evidence seized.

Under these circumstances, we conclude the trial court was correct in its finding that defendant lacked a legitimate expectation of privacy and, therefore, lacked standing to challenge the constitutionality of the search.

■ Moreover, even if the court erred in determining the standing issue, such error was harmless in view of undisputed evidence that the police were consensually admitted to the premises by other employees of the bar. *See People v. Lucero*, 720 P.2d 604 (Colo.App.1985); *see also Illinois v. Rodriguez*, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990).

### III.

■ Defendant next contends that the trial court erred in refusing to allow an investigator for the defense to testify as to the character of the victim. We disagree.

■ For character evidence to be admissible, it must comply with CRE 404 and 405, and with certain other standards for admissibility. *See Graham v. Lombardi*, 784 P.2d 813 (Colo.App.1989) *aff'd*, 794 P.2d 610 (Colo.1990). One of these standards is contained in CRE 701, which provides that a lay witness may offer opinion testimony provided the opinion is "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." The requirement that the opinion be based on the witness' perception embodies the requirement of personal knowledge contained in CRE 602. *Graham v. Lombardi, supra.*

■ Whether the evidence is sufficient to establish the qualifications and knowledge of a witness to express an opinion based on physical facts the witness has perceived or observed is a question for the trial court, not subject to reversal unless clearly erroneous. *People v. Hulsing*, 825 P.2d 1027 (Colo.App.1991).

Here, defendant's investigator was not personally acquainted with the victim.

Rather, the basis of his opinion concerning the victim's reputation for violence was a background investigation of the victim, including interviews with the victim's friends and employers.

Because the witness' opinion was based on his investigation rather than personal knowledge of the victim's reputation, we conclude the trial court did not abuse its discretion in precluding the testimony. *See Graham v. Lombardi, supra* (personal knowledge necessary to support a witness' opinion concerning character must be based on more than pretrial review of police reports or the witness' involvement in criminal investigations).

## IV.

Defendant finally contends that the trial court erred in denying his collateral attack on two prior convictions. We disagree.

Section 16–5–402, C.R.S. (1986 Repl.Vol. 8A), as applicable here, provides that a collateral attack on a prior conviction must be commenced within three years of the date of the conviction or is otherwise barred.

In *People v. Fagerholm*, 768 P.2d 689 (Colo.1989), our supreme court construed § 16–5–402 to contain a five-year grace period from the effective date of the statute within which to challenge prior convictions. Thus, under *Fagerholm*, the grace period allowed a defendant until July 1, 1989, to attack prior convictions. *See People v. Stephens,* —— P.2d —— (Colo.App.1992).

There is, however, an exception to the bar if the failure to seek relief within the prescribed period was the result of "justifiable excuse" or "excusable neglect." Section 16–5–402(2)(d), C.R.S. (1986 Repl.Vol. 8A). Excusable neglect is present if the failure to act results from circumstances which would cause a reasonably careful person to neglect a duty or if there has been a failure to take proper steps at the proper time, not in consequence of carelessness, but as a result of some unavoidable hindrance or occurrence.

*People v. Fultz,* 761 P.2d 242 (Colo.App. 1988).

Defendant argues that his failure collaterally to attack his prior convictions was the result of excusable neglect. In support of this argument, defendant states that he had only a seventh grade education, that he was ignorant that the convictions could be attacked, that his previous counsel failed to advise him of this fact, and that he lacked sufficient funds and a present need to attack the convictions.

While we agree that a defendant cannot bring an attack on a conviction unless he has a "present need" to do so, *Moland v. People,* 757 P.2d 137 (Colo.1988), the enactment of § 16–5–402 and the announcement of the *Fagerholm* deadline created such a present need. *People v. Stephens, supra.*

Furthermore, viewing the other factors defendant cites in support of excusable neglect, we cannot conclude that they would cause a reasonably prudent person to fail to take the proper steps or that they were the result of some unavoidable hindrance. Thus, we conclude that the trial court properly denied defendant's collateral attack.

Finally, we note that this court lacks jurisdiction to address defendant's argument that § 16–5–402 is unconstitutional. *See* § 13–4–102(1)(b), C.R.S. (1987 Repl.Vol. 6A).

To the extent that we have jurisdiction of the issues raised, the judgment is affirmed.

SMITH and NEY, JJ., concur.