George W. ROWE, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 92SC396.

Supreme Court of Colorado,
En Banc.

July 6, 1993.

Rehearing Denied July 26, 1993.

judgment of conviction and the sentence imposed on the petitioner, George W. Rowe, for first-degree assault committed under heat of passion. The court of appeals rejected Rowe's assertion that the district court had committed reversible error by giving a jury instruction stating that first-degree assault committed under heat of passion was a lesser included offense of first-degree assault. We reverse the judgment of the court of appeals and return this case to the court of appeals with directions to remand to the district court for a new trial.

Miller, Hale & Harrison, Daniel C. Hale, Boulder, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Laurie A. Booras, Asst. Atty. Gen., Denver, for respondent.

Justice ERICKSON delivered the Opinion of the Court. Justice VOLLACK specially concurs in the result only, and Justice LOHR and Justice KIRSHBAUM join in the special concurrence.

The court of appeals in *People v. Rowe,* 837 P.2d 260 (Colo.App.1992), affirmed the

## I

Rowe worked as a manager of the Atrium Bar and Grille. On the evening of February 18, 1989, two customers, Thomas Gary and Kevin Fox, refused to leave the bar at closing time. After an altercation broke out involving the two customers, Rowe and an off-duty bartender forced the two men out of the bar and locked the door to the bar. Once outside, Gary continued to shout obscenities and pounded on the locked door in an attempt to reenter the bar. Rowe subsequently fired several shots from a handgun into the door, seriously injuring Gary.

On February 28, 1989, Rowe was charged with one count of first-degree assault in violation of section 18–3–202, 8B C.R.S. (1986),[1] and one count of committing a violent crime in violation of section 16–

---

1. Section 18–3–202 provided in relevant part:
   (1) A person commits the crime of assault in the first degree if:
   (a) With intent to cause serious bodily injury to another person, he causes serious bodily injury to any person by means of a deadly weapon; or
   (b) With intent to disfigure another person seriously and permanently, or to destroy, amputate, or disable permanently a member or organ of his body, he causes such an injury to any person; or
   (c) Under circumstances manifesting extreme indifference to the value of human life, he knowingly engages in conduct which creates a grave risk of death to another person, and thereby causes serious bodily injury to any person;
   ....

(2)(a) If assault in the first degree is committed under circumstances where the act causing the injury is performed, not after deliberation, upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the person causing the injury sufficiently to excite an irresistible passion in a reasonable person, it is a class 5 felony.
(b) If assault in the first degree is committed without the circumstances provided in paragraph (a) of this subsection (2), it is a class 3 felony.
(c) If a defendant is convicted of assault in the first degree pursuant to paragraph (a), (c), (e), or (f) of subsection (1) of this section, the court shall sentence the defendant in accordance with the provisions of section 16–11–309, C.R.S.

11–309(2), 8A C.R.S. (1986). On January 12, 1990, the prosecution added habitual criminal counts, under which Rowe faced a potential mandatory life sentence.

At trial, Rowe's theory of the case was self-defense. For tactical reasons, Rowe also advanced an alternative theory of defense based on provocation and requested a jury instruction on second-degree assault committed under heat of passion, a class one misdemeanor. *See* § 18–3–203(2)(a), 8B C.R.S. (1986).[2] Defense counsel's strategy and conclusion were that if Rowe was convicted of second-degree assault committed under heat of passion, a misdemeanor, instead of first-degree assault, Rowe not only would receive a shorter sentence, but also could not be adjudged a habitual criminal. The prosecution subsequently withdrew the habitual criminal counts during the jury instruction conference. The district court agreed to give the instruction on second-degree assault committed under heat of passion as a lesser included offense of first-degree assault and incorporated Rowe's request within Jury Instruction Number 13. *See* Appendix.

The prosecution subsequently requested a jury instruction on second-degree assault, a class four felony. § 18–3–203(1)(d), 8B C.R.S. (1986).[3] The prosecution also requested an instruction on first-degree assault committed under heat of passion, a class five felony. § 18–3–202(2)(a), 8B C.R.S. (1986).[4] Over Rowe's objection, the district court agreed to give both of the instructions requested by the prosecution as lesser included offenses of first-degree assault and incorporated the requests within Jury Instruction Number 13. *See* Appendix.

The jury found Rowe guilty of first-degree assault committed under heat of passion. Rowe was sentenced to four years in the department of corrections. On appeal, Rowe asserted that first-degree assault committed under heat of passion was a lesser nonincluded offense of first-degree assault, and, as a lesser nonincluded offense, could only be requested by a defendant.

The court of appeals determined that first-degree assault committed under heat of passion was neither a lesser included nor a lesser nonincluded offense of first-degree assault, but that heat of passion was merely a mitigating factor. *Rowe*, 837 P.2d at 263. While the court of appeals agreed with Rowe that the district court erroneously instructed the jury that first-degree assault committed under heat of passion was a lesser included offense, it concluded that no prejudice resulted from the erroneous instruction. *Id.* We granted certiorari to review the decision of the court of appeals and now reverse.[5]

---

**2.** Section 18–3–203(2)(a) provided:

(2)(a) If assault in the second degree is committed under circumstances where the act causing the injury is performed, not after deliberation, upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the person causing the injury sufficiently to excite an irresistible passion in a reasonable person, it is a class 1 misdemeanor.

In 1991, the General Assembly amended § 18–3–203(2)(a) to make second-degree assault committed under heat of passion a class six felony. *See* § 18–3–203(2)(a), 8B C.R.S. (1992 Supp.).

**3.** Section 18–3–203 provided:

(1) A person commits the crime of assault in the second degree if:

. . . .

(d) He recklessly causes serious bodily injury to another person by means of a deadly weapon;

. . . .

(2)(b) If assault in the second degree is committed without the circumstances provided in paragraph (a) of this section (2) [heat of passion], it is a class 4 felony.

**4.** *See supra* note 1.

**5.** We granted certiorari to address two questions:

1. Whether assault in the first degree committed in the heat of passion, § 18–3–202(2)(a), 8B C.R.S. (1986), is a lesser nonincluded offense of assault in the first degree, § 18–3–202(1)(a), 8B C.R.S. (1986).

2. Whether the prosecution is entitled to request, despite the objection of the defendant, that a jury be instructed on the lesser nonincluded offense of assault committed in the heat of passion.

## II

Prior to 1979, Colorado's first-degree assault statute, section 18–3–202, did not contain any "heat of passion" language. In *People v. Montoya*, 196 Colo. 111, 582 P.2d 673 (1978), we determined that the legislative scheme embodied in the first-degree assault statute was constitutionally infirm because a person charged with first-degree assault who could establish that he acted under heat of passion nevertheless could receive a greater penalty than he could have received had he caused the death of his victim and been charged with manslaughter.

*Montoya* concluded:

Under the manslaughter statute, a person who intentionally causes the death of another in the "heat of passion" is guilty of a class four felony and is subject to imprisonment for one to ten years. Section 18–1–105(1), C.R.S.1973. A person who intentionally causes serious bodily injury under "heat of passion," however, is subject to conviction for first-degree assault and imprisonment for a term of five to forty years. Thus, the offender who acts with the less culpable intent and who causes the less grievous result receives the greater penalty. Such an unreasonably structured legislative scheme is constitutionally infirm.

*Id.* at 114, 582 P.2d at 675.

In 1979, the General Assembly sought to remedy the constitutional infirmities set out in *Montoya* by enacting section 18–3–202(2)(a), which amended the first-degree assault statute to include heat of passion language.[6] The General Assembly could have responded to *Montoya* in a variety of ways. Among other possibilities, the General Assembly could have (1) increased the sentence for manslaughter; (2) reduced the sentence for first-degree assault; (3) created a separate offense of "first-degree assault committed in the heat of passion;" (4) established heat of passion as an affirmative defense to first-degree assault; (5) utilized some form of rebuttable presump-

tions; or (6) maintained the offense of first-degree assault, while providing for a lesser sentence if the additional mitigating factor of heat of passion was present. Senate Bill No. 189 (S.B. 189) was proposed in direct response to *Montoya* to add heat of passion language to the first-degree assault statute. In this case, we must determine the effect of the amendment to the first-degree assault statute.

## III

### A

Our task in construing statutes is to ascertain and give effect to the intent of the General Assembly, not to second guess its judgment. *Goebel v. Colorado Dep't of Institutions*, 830 P.2d 1036, 1041 (Colo. 1992); *Farmers Group, Inc. v. Williams*, 805 P.2d 419, 422 (Colo.1991); § 2–4–203, 1B C.R.S. (1980). To determine legislative intent, we look first to the language of the statute. *Goebel*, 830 P.2d at 1041; *Farmers Group*, 805 P.2d at 422. If a statute is ambiguous, we may determine the intent of the General Assembly by considering the statute's legislative history, the state of the law prior to the legislative enactment, the problem addressed by the legislation, and the statutory remedy created to cure the problem. *Charnes v. Boom*, 766 P.2d 665, 667 (Colo.1988); *Schubert v. People*, 698 P.2d 788, 793–94 (Colo.1985).

Applying these settled principles of statutory construction, we conclude that in amending the first-degree assault statute in 1979, the General Assembly maintained the offense of first-degree assault, while providing for a lesser sentence if the additional mitigating factor of heat of passion was present. Our conclusion is supported by the legislative history of S.B. 189, the overall purpose of the statutory provisions enacted in response to *Montoya*, the internal structure of the first-degree assault statute, and the language employed in the amendment.

6. The General Assembly also enacted § 18–3–203(2)(a), which amended the second-degree assault statute by adding the same heat of passion language.

In our view, the legislative history of S.B. 189 demonstrates that the General Assembly intended to maintain the offense of first-degree assault, while providing for a lesser sentence if the additional mitigating factor of heat of passion was present. In the Senate Judiciary Committee hearing on S.B. 189, the drafter of the amendment repeatedly stressed that "all we are doing is changing the penalty, we are not changing the elements of the [offense of first-degree assault]." *Hearings on S.B. 189 Before the Senate Judiciary Committee,* 52d Gen. Assembly, 1st Reg.Sess. (audio tape, Jan. 29, 1979, at 2:50–3:04).

By maintaining the offense of first-degree assault while adopting a statutory mitigating factor to reduce a defendant's sentence in certain circumstances, the General Assembly achieved its overriding purpose of addressing the constitutional problems identified in *Montoya.* S.B. 189 was drafted so that a person who committed first-degree assault under heat of passion would not receive a greater punishment than a person who committed a homicide under heat of passion.

Based on the foregoing considerations, we hold that the General Assembly maintained the offense of first-degree assault, while providing for a lesser sentence if the additional mitigating factor of heat of passion was present. Our conclusion that the General Assembly intended to establish a mitigating factor that could reduce a defendant's sentence for first-degree assault can also be reached by briefly examining the options the General Assembly chose not to adopt in responding to *Montoya.*

**B**

■. The power to define criminal conduct and to establish the legal components of criminal liability is vested with the General Assembly. *People v. Low,* 732 P.2d 622, 627 (1987); *Hendershott v. People,* 653 P.2d 385, 390 (Colo.1982), *cert. denied,* 459 U.S. 1225, 103 S.Ct. 1232, 75 L.Ed.2d 466 (1983). As such, the General Assembly could have established an entirely new offense containing the *element* of heat of passion, as it did in defining the crime of manslaughter. *See* § 18–3–104, 8B C.R.S. (1986).

The internal structure of section 18–3–202, however, suggests that the General Assembly did not intend to create a new and separate offense of "first-degree assault committed under heat of passion." Section 18–3–202 is entitled "Assault in the First Degree." Subsection (1) defines the crime of first-degree assault by listing the elements necessary to establish the offense. Notably, the heat of passion language was placed in subsection (2), which deals exclusively with sentencing for defendants convicted of first-degree assault.[7] Moreover, there is nothing in the hearings on S.B. 189 that suggests that the General Assembly intended to create a new and separate offense.

We conclude that by enacting section 18–3–202(2)(a) the General Assembly did not intend to create a new offense of first-degree assault committed under heat of passion, which contained the same elements as first-degree assault and an additional *element* of heat of passion. *Compare* CJI–Crim.2d 10:20 (heat of passion is not an element of first-degree assault but an issue the jury must consider once it has found a defendant guilty of first-degree assault) *with* CJI–Crim.2d 9:08 (listing heat of passion as an element of the offense of manslaughter that the prosecution must establish beyond a reasonable doubt).[8]

■ Because the General Assembly did not create a new and separate offense, there is no chargeable offense of first-degree assault committed under heat of passion, a point that the prosecution conceded during oral argument. Moreover,

---

**7.** In our view, if the General Assembly had intended to create a new and separate offense, it is more likely that it would have added a new section to the Criminal Code of the Colorado Revised Statutes, rather than merely amending an already existing section.

**8.** We disapprove of footnote two in *People v. Brighi,* 755 P.2d 1218, 1221 (Colo.1988), to the extent that it suggests that heat of passion is an *element* of second-degree assault, because such a conclusion is clearly contrary to the intent of the General Assembly.

there is no separate offense to classify as either a "lesser included offense" or a "lesser nonincluded offense" of first-degree assault.[9] Instead, there is only one single crime of first-degree assault, albeit one that may have different sentences depending on whether the mitigating factor of heat of passion has been established.

## C

In addition to establishing the essential components of criminal liability, it is within the prerogative of the General Assembly to establish affirmative defenses based on principles of justification or excuse. *Hendershott,* 653 P.2d at 390; *see Low,* 732 P.2d at 627.[10] Section 18-1-407, 8B C.R.S. (1986), governs affirmative defenses to criminal conduct. Subsequent statutory provisions delineate the general

affirmative defenses that are subject to section 18-1-407. *See* §§ 18-1-701 to -805, 8B C.R.S. (1986) (listing affirmative defenses); *see also* § 18-1-504, 8B C.R.S. (1986) (listing when mistake qualifies as an affirmative defense); § 18-1-505, 8B C.R.S. (1986) (listing when consent qualifies as an affirmative defense).

Within constitutional limitations, the General Assembly also may restrict an affirmative defense to a particular crime. *Low,* 732 P.2d at 627. On numerous occasions, the General Assembly has explicitly delineated particular affirmative defenses to specific crimes within the statutory section defining the offense.[11] However, in none of the examples where the General Assembly has established an affirmative defense to a specific crime does a defendant receive a reduced sentence if the affir-

9. Based on our conclusion that there is no separate offense of first-degree assault committed under heat of passion, and thus no lesser nonincluded offense, it is not necessary for us to address the second question on which we granted certiorari. *See supra* note 5. Citing *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974), Rowe contends that "[b]ecause assault committed in the heat of passion is a lesser non-included offense of the original charge of assault, only a defendant can request a jury instruction on such lesser, non-included offenses." Because we conclude that first-degree assault committed under heat of passion is not a separate offense from first-degree assault and therefore cannot be a lesser nonincluded offense, *Rivera* simply does not apply to the present case.

*Rivera* prohibits the prosecution from requesting an instruction on a lesser nonincluded offense because the information does not provide a defendant with notice of the crimes charged. *Rivera,* 186 Colo. 24, 28, 525 P.2d 431, 434 (1974). However, there is no such bar to the prosecution submitting and securing an instruction on a lesser included offense over a defendant's objection, because the information charging the principal crime provides a defendant with sufficient constitutional notice of the lesser included offense that do not appear in the information. *See People v. Cooke,* 186 Colo. 44, 48, 525 P.2d 426, 428-29 (1974).

Nor can a defendant charged with first-degree assault reasonably assert constitutionally deficient notice in a case where a trial court properly instructs the jury on the heat of passion mitigating factor. Rather, in such a case the defendant has been convicted of the very offense charged in the information. For the same reasons, in such a case there is no amendment of an information to include "an *additional* or

*different* offense" to raise constitutional notice or due process concerns. *See* Crim.P. 7(e). An information cannot be amended to include an additional offense that does not exist.

10. Professors LaFave and Scott have explained that various types of substantive law defenses adopted by state legislatures are termed, somewhat loosely, "affirmative defenses:"

> Some of these are substantive law defenses which negative guilt by canceling out the existence of some required element of the crime.... Certain other defenses ... do not negative any of the elements of the crime but instead go to show some matter of justification or excuse which is a bar to the imposition of criminal liability. In addition to these defenses of general applicability, there are also substantive law defenses applicable to individual crimes, in which case, the common practice is for the statute defining the crime to contain an exception or proviso setting forth the defense.

*See* 1 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 1.8, at 71-72 (1986). An affirmative defense, as its name implies, is a complete defense to the crime a defendant is charged with and is used to avoid or prevent conviction. *See generally id.*

11. *See, e.g.,* § 18-6-201(1), 8B C.R.S. (1986) (bigamy); § 18-8-508, 8B C.R.S. (1986) (perjury); § 18-9-106(2), 8B C.R.S. (1986) (disorderly conduct); § 18-9-112(3), 8B C.R.S. (1986) (loitering); § 18-9-204.5, 8B C.R.S. (1992) (unlawful ownership of a dangerous dog); § 18-12-105(2), 8B C.R.S. (1986) (unlawfully carrying a concealed weapon); § 18-13-121(1), 8B C.R.S. (1992 Supp.) (furnishing cigarettes to minors).

mative defense is established. Rather, the affirmative defense acts as a complete bar to conviction for the offense.

■ The General Assembly, in its discretion, certainly could have established heat of passion as an affirmative defense to all offenses as it has done with the categories of justification defenses and responsibility defenses. *See* § 18–1–710, 8B C.R.S. (1986); § 18–1–805, 8B C.R.S. (1986). Alternatively, the General Assembly could have established heat of passion as an affirmative defense to the particular offense of first-degree assault by stating that heat of passion was an affirmative defense.[12]

In contrast to the various statutory sections where the General Assembly explicitly established affirmative defenses, nothing in the plain language of section 18–3–202, or in the placement and location of the heat of passion language in the criminal statutory scheme, indicates that the General Assembly intended for heat of passion to be an affirmative defense. Nor does the legislative history suggest that the General Assembly intended to create a new and separate offense. We conclude that the General Assembly did not intend for heat of passion to be an affirmative defense to the offense of first-degree assault. *See People v. Pennese*, 830 P.2d 1085, 1088 (Colo.App.1991) (stating that the General Assembly chose not to classify heat of passion as an affirmative defense to first-degree assault); *see also People v. Huckleberry*, 768 P.2d 1235, 1239 (Colo.1989) (rejecting argument that alibi was an affirmative defense and noting that an alibi defense was not expressly established by statute as an affirmative defense).

**D**

Based on the foregoing considerations, we conclude that the General Assembly addressed *Montoya* by including heat of passion language in the statutory scheme for first-degree assault as a mitigating factor that could reduce a defendant's sentence for first-degree assault, rather than by creating a new and separate offense of first-degree assault committed under heat of passion or by establishing an affirmative defense. *See Pennese*, 830 P.2d at 1088 (characterizing heat of passion as a statutory penalty mitigator); *People v. Harris*, 797 P.2d 816, 818 (Colo.App.1990) (same). To decide otherwise would require us to ignore the clear intent of the General Assembly, the legislative history of S.B. 189, the plain language and structure of the first-degree assault statute, and the overriding purpose of the General Assembly.

**IV**

■ Based on our conclusion that the General Assembly did not create a new and separate offense of first-degree assault committed under heat of passion, it is clear that the district court erroneously instructed the jury that first-degree assault committed under heat of passion was a lesser included offense of first-degree assault. We further conclude that the erroneous instruction constitutes reversible error in this case.

Rowe was entitled to raise the issue of provocation and to request a jury instruction on heat of passion. Instead of giving a jury instruction on a separate lesser included offense of first-degree assault committed under heat of passion, however, the district court should have instructed the jury in accord with CJI–Crim.2d 10:20. *See, e.g., Pennese*, 830 P.2d at 1089.[13] Un-

12. The disorderly conduct statute, section 18–9–106, 8B C.R.S. (1986), provides an example of the language used by the General Assembly to create an affirmative defense to a specific crime based on provocation. In 18–9–106(1), the elements of the offense of disorderly conduct are defined. Section 18–9–106(2) then provides "[i]t is an *affirmative defense* to prosecution under subsection (1)(b) of this section that the actor had significant provocation for his abusive or threatening conduct." (Emphasis added.) In

our view, if the General Assembly had intended for the issue of provocation to be an affirmative defense to the offense of first-degree assault, it would have employed similar language to that used in section 18–9–106(2).

13. CJI–Crim.2d 10:20 provides:
**ASSAULT—1ST AND 2ND DEGREE—PROVOCATION—MITIGATING CIRCUMSTANCES**
    If you find the defendant not guilty of [Count No. ___], [First] [Second] Degree As-

der the model jury instruction, a jury properly considers the question of provocation only after it has determined that a defendant is guilty of first or second degree assault. In our view, the district court's instructions in this case, which are dramatically different from the model jury instruction, constitute reversible error. The jury was in effect instructed on, and convicted Rowe of, an offense that does not exist as a separate offense. Accordingly, we reverse the judgment of the court of appeals and order a new trial.

## V

We conclude that the district court's erroneous instruction on first-degree assault committed under heat of passion as a lesser included offense of first-degree assault constitutes reversible error. Accordingly, we reverse the judgment of the court of appeals and return the case with directions to remand for a new trial.

VOLLACK, J., specially concurs in the result only, and LOHR and KIRSHBAUM, JJ., join in the special concurrence.

### *APPENDIX*

### INSTRUCTION NO. 13

If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the offense charged, he may, however, be found guilty of any lesser offense, the commission of which is necessarily included in the offense charged if the evidence is sufficient to establish his guilt of the lesser offense beyond a reasonable doubt.

The offense of Assault In The First Degree, as charged in the information in this case necessarily includes the lesser offenses of Assault In The First Degree (Heat of Passion), Assault In The Second Degree (Heat of Passion) and Assault In The Second Degree (Reckless).

The elements of the crime of Assault In The First Degree (Heat of Passion) are:

(1) That the Defendant,

(2) in the City and County of Denver, State of Colorado, on or about February 19, 1989,

(3) with intent,

(4) to cause serious bodily injury to another person,

(5) causes serious bodily injury to another person,

(6) by means of a deadly weapon,

(7) under circumstances where the act causing the injury was performed, not after deliberation, upon a sudden heat of passion,

(8) caused by a serious and highly provoking act of the intended victim,

(9) affecting the person causing the injury sufficiently to excite an irresistible passion in a reasonable person,

(10) without the affirmative defense(s) in Instructions No. 17 and 18.

The elements of Assault In The Second Degree (Heat of Passion) are:

(1) That the Defendant,

(2) in the City and County of Denver, State of Colorado, on or about February 19, 1989,

(3) with intent to cause bodily injury to another person,

(4) caused or attempted to cause such injury to any person,

(5) by means of a deadly weapon,

(6) under circumstances where the act causing the injury was performed, not after deliberation, upon a sudden heat of passion,

(7) caused by a serious and highly provoking act of the intended victim,

sault, you need not consider this instruction. If however, you find the defendant guilty of [Count No. ___] [First] [Second] Degree Assault, you must then consider the issue of provocation.

The evidence in this case has raised the issue of provocation. Provocation means that the defendant's acts were performed, not after deliberation, but upon a sudden heat of passion caused by a serious and highly provoking act of the intended victim which affected the defendant sufficiently to excite such an irresistible passion in a reasonable person.

It is the burden of the prosecution to prove beyond a reasonable doubt a lack of provocation for the defendant's acts.

(8) affecting the person causing the injury sufficiently to excite an irresistible passion in a reasonable person,

(9) without the affirmative defense(s) in Instructions No. 17 and 18.

The elements of Assault In The Second Degree (Reckless) are:

(1) That the Defendant,

(2) in the City and County of Denver, State of Colorado, on or about February 19, 1989,

(3) recklessly caused serious bodily injury to another person,

(4) by means of a deadly weapon.

You should bear in mind that the burden is always upon the prosecution to prove beyond a reasonable doubt each and every material element of any lesser included offense which is necessarily included in any offense charged in the information; the law never imposes upon a defendant in a criminal case the burden of calling any witnesses or producing any evidence.

After considering all the evidence, if you decide that the prosecution has proven each of the elements of the crime charged or of a lesser included offense, you should find the Defendant Guilty of the offense proven, and you should so state in your verdict.

After considering all the evidence, if you decide that the prosecution has failed to prove one or more elements of the crime charged or of a lesser included offense, you should find the Defendant Not Guilty of the offense which has not been proved, and you should so state in your verdict. ,

While you may find the Defendant Not Guilty of any or all of the crimes charged, or of any or all lesser included offenses, you may not find the Defendant Guilty of more than one of the following offenses:

Assault In The First Degree (Heat of Passion)

Assault In The Second degree (Heat of Passion)

Assault In The Second Degree (Reckless)

Justice VOLLACK specially concurring in the result only:

The majority holds that "[t]he jury was in effect instructed on, and convicted Rowe of, an offense that does not exist." Maj. op. at 493. I agree; I write separately, however, to address the gravamen of the second issue upon which we granted certiorari. Unlike the majority, I find that the district court committed reversible error in this case by granting the prosecution an instruction containing a mitigating factor at the close of the evidence.

I.

As the majority notes, we granted certiorari to address the following two issues:

Whether assault in the first degree committed in the heat of passion, § 18–3–202(2)(a), 8B C.R.S. (1986), is a lesser non-included offense of assault in the first degree, § 18–3–202(1)(a), 8B C.R.S. (1986).

Whether the prosecution is entitled to request, despite the objection of the defendant, that a jury be instructed on the lesser non-included offense of assault committed in the heat of passion.

In response to the first issue, I agree with the majority that first-degree assault committed in the heat of passion is not a lesser nonincluded offense of first-degree assault because "there is no chargeable offense of first-degree assault committed under heat of passion." Maj. op. at 490. I also agree with the proposition that "there is only one single crime of first-degree assault, albeit one that may have different sentences depending on whether the mitigating factor of heat of passion has been established." Id. at 490–91. I find, however, that heat of passion functions like an affirmative defense regardless of whether the Colorado General Assembly has sought to define it as such. Accordingly, because heat of passion admits the doing of the act charged, but seeks to lessen liability for that act, only the defendant may request an instruction on it at the close of evidence.

### A.

An affirmative defense is one which tends to "negative guilt by canceling out the existence of some required element of the crime." Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 1.8, 71 (1986); *see People v. Huckleberry*, 768 P.2d 1235, 1238 (Colo.1989) ("[A]n affirmative defense basically admits the doing of the act charged but seeks to justify, excuse or mitigate it."). First-degree assault is a specific intent crime: it requires that a defendant act either with an intent to cause serious bodily injury, or with an intent to disfigure, or with knowledge that his or her conduct will create a grave risk of death to another person. § 18–3–202(1), 8B C.R.S. (1986). First-degree assault, as defined in section 18–3–202(1), is a class 3 felony. § 18–3–202(2)(b). Conversely, in a case of "heat of passion," if the assault in the first-degree is "committed under circumstances where the act causing the injury is performed, not after deliberation, upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the person causing the injury sufficiently to excite an irresistible passion in a reasonable person," it is a class 5 felony. § 18–3–202(2)(a), 8B C.R.S. (1986). Thus, heat of passion is like an affirmative defense insofar as it tends to negate the fact that a defendant had the requisite specific intent or acted after deliberation.

Heat of passion additionally resembles an affirmative defense insofar as, once some credible evidence on that issue is raised, then the burden to prove a lack of provocation falls on the prosecution. *See* § 18–1–407, 8B C.R.S. (1986) (" 'Affirmative defense' means that unless the state's evidence raises the issue involving the alleged defense, the defendant, to raise the issue, shall present some credible evidence on that issue."); LaFave & Scott, *supra*, at 72 ("[I]t is uniformly held that the defendant is obliged to start matters off by putting in some evidence in support of his defense."). Under Colorado Criminal Jury Instruction Number 10:20, "[i]t is the burden of the prosecution to prove beyond a reasonable doubt a lack of provocation for the defendant's acts." [1]

Whether heat of passion may be characterized as a "mitigating factor," or as an affirmative defense, the prosecution should not be permitted to add charges via tendered jury instructions at the close of evidence; such conduct prejudices the defendant's substantial right to notice of the crimes charged.[2]

### B.

In the present case, the prosecuting attorney charged Rowe with first-degree assault in an information. At the close of the evidence at Rowe's trial, Rowe tendered an instruction on second-degree assault committed under heat of passion, upon which his theory of the case was premised. The prosecution subsequently tendered instructions on second-degree assault and on first-degree assault committed under heat of passion. The district court gave all of the above-mentioned instructions to the jury. The district court's action constitutes reversible error.

"The right of an accused to notice of the charges which have been made against him constitutes a fundamental constitutional guarantee and lies at the foundation of due process of law." *People v. Cooke*, 186 Colo. 44, 46, 525 P.2d 426, 428 (1974). "Where a defendant acquiesces in placing a

---

**1.** As a matter of practical consequence, a prosecutor will not endeavor to prove the four elements of heat of passion, *see People v. Garcia*, 826 P.2d 1259, 1262 (Colo.1992), in order to sustain a first-degree assault conviction—a class 5 felony—when a conviction of second-degree assault—a class 4 felony—may be more easily established. *Cf.* §§ 18–3–202(2)(a), –203, 8B C.R.S. (1986).

**2.** I recognize that the prosecution may submit instructions on lesser included offenses at the close of the evidence, which the district court, in its discretion, may give to the jury. *See People v. Cooke*, 186 Colo. 44, 525 P.2d 426 (1974); Crim.P. 31(c). I agree with the majority, however, that first-degree assault by heat of passion is not a lesser included offense of first-degree assault. *See* maj. op. at 490.

lesser crime before the jury, the requested instruction allows the jury to consider fully the elements of the crime charged and of the offense the defendant contends was involved." *People v. Rivera*, 186 Colo. 24, 29, 525 P.2d 431, 434 (1974). Constitutional notice requirements, however, "preclude the submission of such an instruction at the request of the district attorney or by the court." *Id.* at 28, 525 P.2d at 434. "It would be haphazard and unfair to say to a defendant that he must defend on the principal charge *and any other charge which the evidence established.*" *Id.* at 27, 525 P.2d at 434 (emphasis added). Accordingly, an information may only be amended as to form before the verdict "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Crim.P. 7(e).

Only Rowe, and not the prosecuting attorney, could submit an instruction at the close of evidence on a heat of passion theory, thereby seeking to mitigate the level of the offense. The prosecution originally charged Rowe only with first-degree assault, a class 3 felony. Thus, at the time the information was filed, Rowe was put on notice that he was required to defend against a class 3 felony. The prosecution attempted to cast first-degree assault by heat of passion, a class 5 felony, as a different charge than first-degree assault, a charge against which Rowe did not have notice to defend, and a charge added without Rowe's consent after the conclusion of the trial. *Rivera* and *Cooke* dictate that only the defendant is entitled to invoke the benefit of heat of passion "mitigation" at the close of trial.

I agree with the majority's conclusion that a new trial is warranted in this case.

I am authorized to say that LOHR and KIRSHBAUM, JJ. join in this special concurrence in the result only.